[No. 3454.]

## M. SEVERY v. THE CENTRAL PACIFIC RAILROAD COMPANY.

CONVEYANCE OF LOTS BOUNDED ON A STREET.—If a conveyance of lots in a city fronting on the east side of a street bounds the front along the easterly line of the street, and no other language is used to modify this boundary, the grantee does not own land in the street.

ACTION FOR OBSTRUCTING A STREET.—If the owner of lots fronting on a street in a city does not own the street in front of his lots subject to a public easement, he cannot maintain an action for damages for building a railroad on the street, except for special damages by reason of a nuisance caused by the obstruction of a public street.

EVIDENCE IN ACTION OF NUISANCE.—In an action by the owner and occupant of a lot fronting on a street for special damages by reason of a nuisance caused by the obstruction of the public street in front of the lot, testimony as to the market value of the lot and the effect of the nuisance as to such market value is not admissible.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

The plaintiff alleged in his complaint that the Western Pacific Railroad Company was a corporation from December, 1862, till June 23, 1870, when it consolidated with the Central Pacific Railroad Company of California under the name of the Central Pacific Railroad Company; that he was the owner of lots two and fourteen in block two hundred and twenty-four in the city of Stockton, which fronted on Sacramento street a distance of one hundred and fifty feet, and had a house on lot two which fronted on Sacramento street, and that he owned Sacramento street to a distance of forty feet from the front of his lots subject to the easement of the public to travel thereon; that in 1869 the Western Pacific Railroad Company, without any right or privilege from the State, county or city, built a railroad on Sacramento street, and erected on that portion of the street which belonged to him an embankment about three feet high and twenty feet wide, and, until 1870, used the same for railroad purposes, and since 1870 the defendant had so used it; that by means thereof the plaintiff's facilities for ingress and egress to and from his house and lots by means of the street had been cut off, and his house was exposed to damage by fire, and the rental value of his property was diminished and he was subjected to great inconvenience; and that his house and lot had been damaged in the sum of one thousand five hundred dollars. Judgment was asked for damages.

In 1856, C. M. Webber owned a tract of land containing about one hundred and sixty acres, including the street and

lots in controversy, which he laid out into lots and blocks and caused a map of the same to be made, on which he laid down streets, including Sacramento street, and dedicated the streets. Webber afterwards sold to the plaintiff and his grantors the lots in controversy, and in his deed described the boundary as stated in the opinion. On the trial the court admitted, on behalf of the plaintiff, testimony as to the market value of the plaintiff's lots and as to the effect of the building of the railroad on such market value. The plaintiff recovered judgment and the defendant appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*S. W. Sanderson*, for the Appellant.

The third finding, so far as it states that lots two and fourteen "are bounded on the west by Sacramento street," in the conveyance from Webber to the plaintiff, is contrary to the evidence.

Of course the only evidence of the fact is the deed itself. The language of the deed is: "Thence at right angles southerly along the easterly line of Sacramento street one hundred and fifty feet."

This error was most damaging to the defendant, for if the lots were bounded as stated in the finding the plaintiff's title would extend to and include the land lying in the street between its east line and its center line; whereas, according to the terms of the deed, no title to the land lying in the street passed. The language of the deed makes the east line of the street the west line of the lots, and therefore necessarily excludes the entire street from the lands conveyed. (*Maynard* v. *Weeks*, 41 Vt. 617; *Tyler* v. *Hammond*, 11 Pick. 193; *O'Linda* v. *Lathrop*, 21 Pick. 295.)

"The mere consequential disadvantages of a street railroad to a particular locality cannot be the subject of a private action. Its proximity to a particular parcel or lot of land may affect the value of such property, either to its advantage or disadvantage. But the company can claim no compensation for the enhanced value consequent upon the

improvement, nor can the owner claim compensation for any depreciation which may result to the property because of the construction of the road in its vicinity. For such accidental (incidental?) disadvantage the party is without remedy. The consequential detriment to the property in such case must be regarded as *damnum absque injuria.*" (*Carson* v. *Central R. R. Co.*, 35 Cal. 332.)

*E. S. Pillsbury and J. H. Budd,* for the Respondent.

The plaintiff owned to the center of the street. (*Wager* v. *Troy Union R. R. Co.*, 25 N. Y. 526; *Bissell et al.* v. *New York Cent. R. R.*, 23 N. Y. 61; 1 Conn. 103.)

The plaintiff has sustained special damage. (*Anderson* v. *R. L. and N. R. R. Co.*, 9 Barb. 553; *Corning* v. *Lowerre,* 6 John. Chan. 439; *Blood* v. *Nashua and Lowell Railway,* 2 Gray, 157.)

By the COURT:

The third finding of the court below, so far as it states that lots two and fourteen "are bounded on the west by Sacramento street," in the conveyance from Webber to plaintiff, is contrary to the evidence.

One line of the description in the deed is: "Thence *along the easterly line* of Sacramento street one hundred and fifty feet;" and no other language is employed which affects or modifies the natural interpretation of that above quoted.

It is very clear, therefore, that the parties to the instrument intended that the lots should run up to the eastern line and not to the middle of the street.

Thus construing the instrument the plaintiff alleges no cause of action in his complaint, except a claim for special damages by reason of a nuisance caused by the obstruction of a public street or highway.

In this view, the court below erred in overruling defendant's objections to testimony as to the market value of plaintiff's lots and as to the effect of the building of the railroad on such market value. (*Hopkins* v. *W. P. R. R. Co.*, 50 Cal. 190.)

Judgment and order reversed, and cause remanded for a new trial.