[No. 15533.    Department One.—January 5, 1895.]

</div>

WILLIAM MASTERSON, RESPONDENT, v. MARGARET MUNRO ET AL., APPELLANTS.

DEED— DESCRIPTION OF PROPERTY— METES AND BOUNDS— NUMBER UPON OFFICIAL MAP.—If a party purchases a numbered block of land according to the official map of a city, and his purchase is so described in the deed, a further description of the block by metes and bounds, or courses and distances, is subordinate to the description of the block by its number upon the map, and must give way to the number in case of conflict.

ID. — SALE OF LOTS AT AUCTION— REFERENCE TO RECORDED MAP—CONFLICTING DESCRIPTION. —Where the owners of a lot, for the purpose of selling the same to advantage, make a plan or map of the lot, subdividing the same into smaller lots numbered consecutively, and caused this map to be filed in the office of the county recorder, the purchasers at auction sale of the lots, which are sold by reference to the recorded map, take title to their lots by the number upon the map, which will control an erroneous description by metes and bounds, causing an apparent lap of one lot upon another.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial.

The facts are stated in the opinion of the court.

*W. C. Burnett, L. G. Burnett,* and *R. H. Taylor,* for Appellants.

Margaret Munro entered into the strip of land in question by a recorded deed; her entry and possession are referred to such title, and she must be deemed to have a seisin of the land coextensive with the boundaries stated in her deed, there being no open adverse

possession of the land so described in any other person. (*Prescott* v. *Nevers*, 4 Mason, 330; *Clymer* v. *Dawkins*, 3 How. 690; *Green* v. *Liter*, 8 Cranch, 229, 250; *Bradstreet* v. *Huntington*, 5 Pet. 439; *Unger* v. *Mooney*, 63 Cal. 593; 49 Am. Rep. 100.) Where a person enters into land under a deed or title his possession is construed to be coextensive with his deed or title; and although the deed or title may turn out to be defective or void, yet the true owner will be deemed disseised to the extent of the boundaries of such deed or title. (*Clymer* v. *Dawkins*, 3 How. 690.)

*Naphtaly, Freidenrich & Ackerman*, for Respondent.

A plan or survey referred to in a deed covers courses and distances, and even monuments, when it best comports with the actual intent of the parties, and that a plan or survey referred to in a deed becomes a part of it, and is as if it was written in the deed. (*Kennebec Purchase* v. *Tiffany*, 1 Greenl. 219; 10 Am. Dec. 60; note to *Heaton* v. *Hodges*, 30 Am. Dec. 741; *Chapman* v. *Ogden*, 30 Ill. 535.) Conveyances are presumed to be made in the actual view of the premises by the parties, and the intention is the guide in declaring what land is conveyed, and the description which is the least likely to have been used inadvertently must prevail. (*Den* v. *Graham*, 1 Dev. & B. 76; 27 Am. Dec. 226.)

The Court.—This is an action in ejectment, the land in controversy consisting of a strip ten feet by twenty-five feet. Both parties claim through deeds from Ottinger and Brooks. The deed to respondent and the deed to the predecessor of appellant Margaret were each dated and acknowledged September 30, 1862. Respondent and appellant bought their respective lots at an auction sale, and the particular tract in dispute is included in both deeds. Ottinger and Brooks were the owners of one hundred vara lot No. 149, situated at the corner of Second and Townsend streets in San Francisco, and for the purpose of selling the same to

advantage made a plan or map of the lot, subdividing
the same into smaller lots, numbered consecutively
from one upwards, and caused this map to be filed in the
office of the county recorder.    After the map had been
filed the property was offered for sale at public auction
at the auction rooms of John Middleton & Son, where
there was an enlarged copy of the map, and the lots
were sold by reference to said map.    Upon this map a
street called "Stanford street" was laid out parallel
with Second street, and one hundred and sixty feet dis-
tant therefrom.    At this auction sale the plaintiff pur-
chased lot No. 25, and the defendant's grantor purchased
lot 22; and, as is stated in appellants' brief, "lots 22 and
25 comprised an area of twenty-five feet by one hundred
and sixty feet, running through from the east line of
Stanford street to the west line of Second street, the
south line of each lot being one hundred and twenty-
five feet north of Townsend street."    The conveyance
to the defendant's grantor describes the land by metes
and bounds, with a depth of eighty feet, and also de-
scribes it as "being subdivision No. 22 of the one hun-
dred vara lot known upon the official map of said city
as No. 149," and the conveyance to the plaintiff de-
scribes the land purchased by him as subdivisions 24
and 25, as represented upon the same map, with a depth
of ninety feet.

Under the foregoing circumstances the contradiction
of the descriptions in appellants' deed must be resolved
in favor of the description which refers to the official
plat or map.    Appellant's predecessor purchased sub-
division 22 of a certain tract of land as shown by the
official map.    He bought at public auction with the map
before him, and it is clearly evident that the description
by courses and distances was intended to describe sub-
division 22.    If a party purchases a certain numbered
block of land according to the official map of the city,
and his purchase is also described in the deed, a further
description of the block by metes and bounds, or courses
and distances, would be subordinate to the description

CV. CAL.—28

of the block by its number, and would have to give way in case of conflict. The present case involves the same principle.

We might further suggest, if other grounds were necessary to sustain the judgment, that the acts of the respondent in and about the premises in the exercise of his possession are strongly indicative of the creation of a title by prescription; but we do not find it necessary to enter into a discussion of that question in detail.

The order denying the motion for a new trial is affirmed.