## ST. LOUIS STREET FLUSHING MACH. CO. et al. v. SANITARY STREET FLUSHING MACH. CO.*

(Circuit Court of Appeals, Eighth Circuit.   April 6, 1908.)

No. 2,652.

**1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.**

A preliminary injunction should not be granted in a patent case, without a showing that the patent in suit has been adjudged valid by a court of competent jurisdiction, or that its validity has been generally acquiesced in by the public or has been admitted by defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 474-477.

Grounds for denial of preliminary injunction in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

**2. COURTS—JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION.**

A bill to compel specific performance of a contract to assign a patent and to restrain the alleged violation of a license contract under a patent states no ground for relief under the patent laws, and a federal court is without jurisdiction to grant relief thereon, unless there is diversity of citizenship between the parties.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 832.

Jurisdiction of federal courts in suits relating to patent rights, see note to Bailey v. Mosher, 11 C. C. A. 313.]

**3. ESTOPPEL—SUIT FOR INFRINGEMENT—ESTOPPEL TO DENY VALIDITY.**

The fact that one of the assignors of a patent subsequently became associated with others, and with them is charged with infringement of such patent, does not estop them to deny its validity, where the relations between the defendants are not shown.

**4. INJUNCTION—PRELIMINARY INJUNCTION—SUFFICIENCY OF GROUNDS.**

A preliminary injunction should not be granted, where the right alleged to be invaded or threatened is doubtful and uncertain on the showing made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 309.]

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

In 1904 the Sanitary Street Flushing Machine Company exhibited its bill against the St. Louis Street Flushing Machine Company, William Ratican, Stephen J. Ratican, and James C. Wilson, to secure an injunction and accounting for an infringement of letters patent of the United States Nos. 736.134 and 736,135, granted to Thomas M. Murphy as inventor, and William Ratican as assignee of some interest, and by them assigned to complainant, for improvements in nozzles and street washers respectively. The prayer of the bill was for an injunction, and for the recovery of profits earned and to be earned by the use of the improvements, which the complainants allege the defendants intended to continue using. An amended bill was afterwards filed; but the averments of threatened and continuing infringement remained practically as in the original bill. In May, 1907, a supplemental bill was filed, wherein it was averred that Murphy and Ratican, before the patents were granted to them in the year 1901, made an agreement with complainant or its promoters to convey to it any inventions or patents relating to the cleaning, sprinkling, or flushing of streets which either of them might thereafter make or acquire; that defendant Ratican, acting in the name of the defendant corporation, which, it is averred, he largely owned and controlled, afterwards acquired United States patent No. 777,053 for adjustable flushing nozzles from the defendant Wilson, the patentee thereof; and that complainant was entitled in equity to a conveyance of that patent in accordance with the terms of the agreement of 1901. The supplemental bill also showed that in 1901 Ratican and Mur-

*Rehearing denied June 29, 1908.

phy solicited a license from the complainant to permit them to build within the United States nine certain machines embodying the invention of complainant's patents for exportation and use abroad; that complainant conformed to their request and gave them a verbal license as solicited, with the condition, however, that the machines should not be used or sold within the United States; that the machines were built, exported to London, and afterwards brought back to this country, and in violation of the condition of the license put into use here by the defendants. The prayer of the supplemental bill was that the defendants be required to assign and convey to complainant letters patent No. 777,053, and that a preliminary and ultimately a final injunction restraining defendants from selling or using the nine machines in the United States in violation of the license agreement be awarded to complainant. A motion for a preliminary injunction as prayed for accompanied the supplemental bill. The motion was supported by affidavits tending to show the license as pleaded, and was resisted by affidavits tending to show that no such license was ever given to or accepted by defendants. The trial court sustained the motion and awarded a preliminary injunction, restraining defendants until further order of the court from using or selling all or any of the nine machines in question. From this order the present appeal was prosecuted.

Henry W. Allen and James A. Carr (John D. Johnson, on the brief), for appellants.

James L. Hopkins (John M. Holmes and Alfred A. Eicks, on the brief), for appellee.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

ADAMS, Circuit Judge (after stating the facts as above). Neither the original nor the amended bill warranted a preliminary injunction. They contained no showing that the patents charged to have been infringed had ever been admitted to be valid by the defendant, or held valid by any court of competent jurisdiction, or that their validity had been generally acquiesced in by the public. Without a showing of one or the other of these facts, no preliminary injunction ought to be granted in a patent case. Recognizing this rule, no attempt was made to secure an injunction on the strength of the showing made in the bill or amended bill. It must therefore be justified, if at all, on the showing made by the supplemental bill; and if the fact that defendants threatened to use or sell the machines in question in violation of the condition of the license did not justify the injunctive order it was improvidently made.

By sections 629 and 711 of the Revised Statutes (U. S. Comp. St. 1901, pp. 503, 577) the courts of the United States are given exclusive jurisdiction of all cases at law or in equity arising under the patent or copyright laws of the United States, irrespective of the citizenship of the parties to the action. To constitute such a suit a complaint or bill must disclose that some right, title, or interest under the patent laws of the United States is asserted, or that some right or privilege will be defeated by one construction or sustained by the opposite construction of those laws. Pratt v. Paris Gaslight & Coke Co., 168 U. S. 255, 259, 18 Sup. Ct. 62, 42 L. Ed. 458. A suit not involving such a right, title, or interest may be litigated in the federal courts if the requisite diversity of citizenship exists, but otherwise not. Such diversity of citizenship not appearing in this case, the ground

for relief must rest on the statute exclusively, and unless, and only so far as, a right thereunder is asserted can any relief be granted in this case. As is well known, a suit for injunctive relief against the infringement of a patent, and incidentally for the recovery of damages arising therefrom, is one arising under the patent laws of the United States, and may be maintained in the courts of the United States; but it is firmly settled that, in the absence of diversity of citizenship of the parties, a suit on a private contract between the parties fixing and governing their rights to use a patented device, or a suit for the specific performance or rescission of a contract for the use or sale of a patent, is not maintainable in those courts.

In Wilson v. Sanford, 10 How. 99, 13 L. Ed. 344, and Brown v. Shannon, 20 How. 55, 15 L. Ed. 826, it was held that the owners of letters patent of the United States could not maintain a bill in the federal courts to enforce a contract for the use of a patent, or to set aside such a contract on the ground that defendant had not complied with its terms. In Dale Tile Mfg. Co. v. Hyatt, 125 U. S. 46, 8 Sup. Ct. 756, 31 L. Ed. 683, it was held that an action upon an agreement in writing fixing the terms on which a licensee might sell the device of a patent, wherein the licensee acknowledged the validity of the patent and promised to pay certain royalties, was not a case arising under the patent laws of the United States. In Albright v. Teas, 106 U. S. 613, 1 Sup. Ct. 550, 27 L. Ed. 295, in a suit instituted to recover moneys alleged to be due the plaintiff under a contract whereby letters patent granted to him were transferred to defendant, it was held that the suit was not one arising under the laws of the United States. In Pratt v. Paris Gaslight & Coke Co., supra, Mr. Justice Brown, speaking for the Supreme Court, said:

"We have repeatedly held that the federal courts have no right, irrespective of citizenship, to entertain suits for the amount of an agreed license, or royalty, or for the specific execution of a contract for the use of a patent, or other suits where a subsisting contract is shown governing the rights of the party in the use of an invention, and that such suits not only may, but must, be brought in the state courts."

In the absence of the assertion of a right arising under the patent laws, or of the requisite diversity of citizenship, the Circuit Court was without jurisdiction to grant the relief sought by the supplemental bill in either of its aspects, either to award specific performance of the agreement to assign patent No. 777,053 or to restrain the violation of the license contract. The facts disclosed by that bill may, if true, show an infringement of complainant's patents within the rule laid down in Heaton-Peninsular Button-Fastener Co. v. Eureka Specialty Co., 25 C. C. A. 267, 77 Fed. 288, 35 L. R. A. 728, relied on by complainant's counsel; but they constitute only cumulative averments of such infringement. The bill and amended bill both alleged infringements in the past and a purpose to continue the same in the future. The extent of the infringement, or the time when practiced, as particularized in the supplemental bill, does not aid the complainant, for the reason, already stated, that there had been no prerequisite adjudication or admission of the validity of its patents or other equivalent demonstration thereof.

The contention that defendants are estopped from questioning their validity because of Ratican's relation to them is untenable. Whatever effect his original partial interest in them or his personal conduct with respect to them might have upon his present interests, as to which we express no opinion, the rights of others are now involved in this case, and their relation to Ratican is not so clearly shown as to warrant making any orders affecting their rights on the assumption of their identity with him.

For another reason, also, the preliminary injunction ought not to have been granted. It is a fundamental principle that injunctions ought not to issue unless the right alleged to be invaded or threatened is clear. As said in Truly v. Wanzer, 5 How. 141, 12 L. Ed. 88:

"There is no power the exercise of which is more delicate, which requires greater caution, deliberation, and sound discretion, or more dangerous in a doubtful case, than the issuing of an injunction. It is the strong arm of equity, that never ought to be extended, unless to cases of great injury, where courts of law cannot afford an adequate and commensurate remedy in damages. The right must be clear, the injury impending and threatened, so as to be averted only by the protecting preventive process of injunction."

The affidavits in support of and against the motion for injunction leave the existence of the verbal license relied on by complainant in grave doubt and uncertainty, too doubtful and uncertain, at least, to warrant interference with the status quo until the right can be deliberately ascertained and declared at final hearing.

The order awarding the preliminary injunction was improvidently made. It must therefore be reversed, and the cause remanded, with directions to deny the motion. It is so ordered.