[Civ. No. 10495. First Appellate District, Division Two.—July 12, 1937.]

ALMADEN VINEYARDS CORPORATION (a Corpora-. tion), Appellant, v. PAUL ARNERICH et al., Respondents.

Burnett & Burnett, John M. Burnett and David M. Burnett for Appellant.

Arthur G. Shoup and E. L. Maxwell for Respondents.

STURTEVANT, J.—From a judgment denying it an injunction the plaintiff has appealed.

The trial court made findings in favor of the defendants. The plaintiff attacks some of the findings and some of the rulings on the exclusion of evidence. Before proceeding the following facts should be stated as forming the controversy between the parties. In March, 1844, a Mexican grant, San Juan Bautisto Rancho, was executed in favor of Jose Augustin Narvaez. That rancho lies in a westerly direction from San Jose and not far distant. Later a patent was issued to the grantee. To the patent was attached a map. Later the southwesterly part of the rancho became vested in Charles Le Franc. In the meantime the city of San Jose sold certain pueblo lands to Catherine Brown. Those lands are immediately west of the Le Franc property and are now owned by the defendant Eva M. Arnerich. Later Kooser Road was established. The course of the road was such that it took a course from north to south, crossing the boundary line between the properties of these parties at an acute angle. In 1886 a railway was laid out. That railway is now known as South Pacific Coast Railway and is operated by the Southern Pacific Company. The course of the railway was from the northwest toward the southeast, and it in turn crossed Kooser Road at an acute angle. As the railway approached Kooser Road it did not follow the boundary line between the ranches above mentioned.

In the early part of 1935, the defendant Eva M. Arnerich started in to lay pipes for conveying irrigation water. The pipe line was intended to be laid in part in Kooser Road within a portion of said road that is crossed by the railway

line and also in another portion of said road that is immediately west of the right of way of the railway company. Claiming the fee to both portions, this action was commenced to enjoin the acts of the defendant Eva M. Arnerich.

The plaintiff states that if it is the owner of the fee of that portion of Kooser Road in controversy it is entitled to an injunction to prevent anyone from using the road for any purpose other than general road uses including an injunction to prevent the defendant Arnerich from laying water pipes in the road without the plaintiff's consent. (*Gurnsey* v. *Northern California Power Co.*, 160 Cal. 699 [117 Pac. 906, 36 L. R. A. (N. S.) 185].) The defendants do not controvert the proposition of law as stated by the plaintiff, but they do contend that the plaintiff is not the owner of either portion of Kooser Road hereinabove specifically mentioned.

In its second point the plaintiff contends it is the owner of the fee of both of said portions of Kooser Road. The defendants reply that on conflicting evidence the trial court found that the plaintiff was not the owner of either of said portions. To that reply the plaintiff answered that the findings are not sustained by the evidence. In that connection the plaintiff asserts the findings are based on evidence introduced by the defendants as to the location of certain corners and lines and said evidence was incomplete and insufficient.

We will take up first that portion of the lands in dispute which is within Kooser Road but is not crossed by the right of way of the railway company and which lays west of the westerly line of the said right of way. As recited above, the plaintiff's title rests on the title of Le Franc. The title of the latter was bounded on the west by the boundary line of the grant to Narvaez. The question then arises as to the proper location of that boundary line. The defendants called Mr. McMillan, a licensed land surveyor, who testified that he ran the line and marked it on the ground. It fell within the right of way of the railway company throughout the whole course of the properties in dispute. In running the boundary line he commenced at NN18, the southwest corner of the Narvaez rancho. It is marked by a pipe standing in a creek. We do not understand that that monument is disputed at all. From NN18 he ran a straight line to NN19, the southwest corner of the Schofield tract. It is marked by a stake. He testified the residents and owners of prop-

erty in that neighborhood called it the corner. Plaintiff calls attention to the fact that its surveyor, Mr. Herrmann, set the stake above mentioned five years before and that Mc-Millan was testifying from hearsay. There are several answers to that contention. It appears Herrmann set the stake as the southwest corner of the Schofield property. But it further appears the southwest corner of the Schofield property, as shown by the evidence of both parties, coincides with the northwest corner of the Le Franc property, and if so, McMillan made no error in locating his line. Moreover, there was the oral evidence of two or more witnesses confirming the identity of said corner. McMillan ran the line as straight, claiming he followed the calls of the patent to Narvaez. The plaintiff quotes the language of the patent and asserts the language does not describe a straight line. We have carefully read the description and we think it may not be said that it does not describe a straight line. The plaintiff complains because McMillan did not tie his survey into the bearings mentioned in the description contained in the patent. He was not asked to do so.' Furthermore, the bearings mentioned in the patent were of such a nature that it cannot be assumed they necessarily appear on the ground at the present time. It follows that the trial court did not err in holding the plaintiff had no title to the lands above mentioned lying in Kooser Road west of the grant line.

■ Before the railway was constructed Charles Le Franc, being then the owner, conveyed to A. E. Davis two separate parcels which were afterwards conveyed and are now parts of the right of way of the railway company. One parcel lies immediately north of Kooser Road and the other parcel immediately south of said road. The description of each parcel mentioned the road as a boundary thereof. The plaintiff contends that neither description covered any part or portion of Kooser Road. The defendants contend that when properly construed the legal effect of said descriptions was to extend the fee so conveyed to the middle of Kooser Road and that the two descriptions taken together conveyed the fee to the grantee Davis and his successors in interest. The defendants further call to our attention that since 1886 the railway company has been in possession of and has paid taxes on·all of the lands in its right of way between the easterly boundary line thereof and the westerly boundary line. It is statutory that ''A transfer of land, bounded by

a highway, passes the title of the person whose estate is transferred to the soil of the highway in front to the center thereof, *unless a different intent appears from the grant."* (Civ. Code, sec. 1112.) The plaintiff's predecessor in interest, Charles Le Franc, executed a grant, bargain and sale deed to A. E. Davis so describing the above-mentioned parcels. The plaintiff does not call our attention to any language contained in the grant deed, and we can find none, showing "a different intent". The grantee, A. E. Davis, conveyed the parcels to the railway company. It entered, constructed a railway, and since that date for nearly fifty years it, or its lessee, has operated the railway, paid all taxes levied or assessed on the land, and claimed to own the fee. The plaintiff has quoted no part of the record, and we find no parts, showing that it, or its predecessors in interest, has or have until very recently asserted any title to any part or portion of said lands. The plaintiff states in its brief the lands are not fenc'ed. That statement is outside of the record and furthermore it is not conclusive. (*Smith* v. *Southern Pac. R. R. Co.,* 1 Cal. (2d) 272, 275 [34 Pac. (2d) 713].) The plaintiff asserts that the railway company has merely an easement. Its deed refutes the assertion. It owns the fee to the lands conveyed to A. E. Davis as his deed was a grant, bargain and sale conveyance of the lands conveyed. ■ Bearing in mind that this is an action in which the sole relief asked is the granting of an injunction, the plaintiff has not made a sufficient showing. In *Willis* v. *Lauridson,* 161 Cal. 106, at page 117 [118 Pac. 530], the court quoted with approval as follows: "To issue an injunction is the exercise of a delicate power, requiring great caution and sound discretion, and rarely, if ever, should be exercised in a doubtful case. 'The right must be clear, the injury impending and threatened, so as to be averted only by the protecting preventive process of injunction.' (*St. Louis S. F. M. Co.* v. *Sanitary S. F. M. Co.,* 161 Fed. 725 [88 C. C. A. 585].)" This plaintiff made no such showing and the trial court did not err in denying it an injunction.

■ When Mr. Frank Herrmann was testifying in rebuttal, in reply to questions propounded by the plaintiff he testified that his father established the business of Herrmann Brothers, civil engineers; that the firm consisted of his father, A. T. Herrmann, and his uncle, Charles Herrmann. The

business was established in 1886. Both the father and uncle were deceased and that the witness succeeded to the business; that he was in possession of the notes, field books, maps, etc., kept by the firm of Herrmann Brothers. From those records he produced field notes made by his father in 1870 when making a survey of the west line of Narvaez rancho. The survey, according to the field notes, was made at the request of Mr. Le Franc, Mrs. Catherine Brown, Mr. Schofield and Mr. Harwood, owners of lands bounded by said line. The plaintiff offered the notes in evidence. The trial court sustained the objection of the defendants. The witness then produced a map made at the same time by his father. The plaintiff offered the map in evidence. The defendants objected and the trial court sustained the objection. In the trial court the plaintiff stated its purpose was to show "that there must be, that there is, a bend in the line, regardless of what the government patent showed". In its brief the purpose of the offered evidence is said to be to establish as a fact that "the northwest corner of the original Le Franc tract is not in the southwesterly line of the rancho and also in the southwesterly line of the railway right of way". The ruling of the trial court was in no respect prejudicial error. If the evidence was offered for the purpose of showing a bend in the line in question, it was but cumulative of other evidence which the plaintiff introduced. If it was offered for the purpose of showing that the northwest corner of the Le Franc tract was not in the southwesterly line of the rancho and also in the southwesterly line of the railway right of way, then the evidence was in conflict with the other map exhibits introduced by the plaintiff. The plaintiff cites and relies on *Morton* v. *Folger*, 15 Cal. 275. That case does not seem to be authority in support of the plaintiff's position. The notes and maps involved in that case were those made by the surveyor who made the original survey for the government.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 7, 1937.