[Civ. No. 6462.   Fourth Dist.   Aug. 24, 1961.]

W. ARNET SPEER, Respondent, v. SAMUEL M. BLASKER et al., Appellants.

Stickney & Ortlieb and Ross M. Pyle for Appellants.

Swing, Scharnikow & Lewis and C. H. Scharnikow for Respondent.

COUGHLIN, J.—This is an action to quiet title to a strip of property 40 feet wide and 203.56 feet long, formerly a part of Buell Street in the city of San Diego, which was a dedicated street appearing on a recorded map, but which never had been used or improved, and had been vacated or closed by appropriate city council action.

In January 1951, the plaintiff and cross-defendant, who is the respondent herein, was the owner of all but four lots in Bay View Tract, a recorded subdivision; sold a portion thereof located in Block 1 of that tract, to people named Poor, Reno and Markin; and executed a deed to effect such sale. In this deed the property conveyed was segregated into two parcels, one of which was described as "that portion of Block 1 of Bay View Tract . . . according to Map No. 104, filed in the office of the County Recorder of San Diego County . . . described as follows:" setting forth a metes and bounds description; and the other parcel was described as "that portion of Lots 5 and 8 in Block 1 of Bay View Tract, . . . according to map thereof No. 104, . . . described as follows:" also setting forth a metes and bounds description. The southerly line of this property adjoins the northerly line of Buell Street as shown on the recorded map. However, nothing on the ground indicated the presence of such a street. To the contrary, the street property was a part of the backyards of houses which formed a part of the housing project located on property leased from and owned by the plaintiff.

The defendants and cross-complainants, who are the appellants herein, are the successors in interest of Poor, Reno and Markin; and claim that, under the deed in question, their ownership extends to what formerly was the center of Buell Street. The plaintiff, who still owns the property to the south, contests this claim and brought the instant action to quiet his title to the whole of the property within the boundaries of the vacated street. The trial court determined the controversy in favor of the plaintiff. Judgment was entered accordingly. The defendants moved for a new trial, which was denied. Thereupon they appealed from the judgment and the order denying their motion.

An order denying a motion for a new trial is not appealable.

(*Armenta* v. *Churchill*, 42 Cal.2d 448, 451 [267 P.2d 303].)
The attempted appeal therefrom should be dismissed.

The defendants contend that, under the provisions of section 1112 of the Civil Code, the deed from the plaintiff to Poor, Reno and Markin conveyed title to the center of Buell Street as a matter of law; that the court erred in admitting parol evidence to establish the contrary; and that, in any event, under the provisions of section 831 of the Civil Code, their ownership to the center of the street is presumed and the evidence is insufficient as a matter of law to overcome that presumption.

### EFFECT OF SECTION 1112 OF THE CIVIL CODE

Section 1112 of the Civil Code provides that: "A transfer of land, bounded by a highway, passes the title of the person whose estate is transferred to the soil of the highway in front to the center thereof, unless a different intent appears from the grant."

█ This code section establishes a rule of construction, sometimes referred to as a presumption (*Neff* v. *Ernst*, 48 Cal. 2d 628, 635 [311 P.2d 849] ; *Joens* v. *Baumbach*, 193 Cal. 567, 571 [226 P. 400]), with respect to the effect of a deed conveying property described as bounded by a street. (*Neff* v. *Ernst*, *supra*, 48 Cal.2d 628, 635; *Allan* v. *City & County of San Francisco*, 7 Cal.2d 642, 646 [61 P.2d 1175] ; *Berton* v. *All Persons*, 176 Cal. 610, 614 [170 P. 151] ; *Watkins* v. *Lynch*, 71 Cal. 21, 27 [11 P. 808] ; *Weyl* v. *Sonoma Valley R. R. Co.*, 69 Cal. 202, 206 [10 P. 510] ; *Webber* v. *California & Oregon Ry. Co.*, 51 Cal. 425 ; *Moody* v. *Palmer*, 50 Cal. 31, 36 ; *Almaden Vineyards Corp.* v. *Arnerich*, 21 Cal.App.2d 701, 704-705 [70 P.2d 243] ; *Thorpe* v. *Los Angeles Gas & Elec. Corp.*, 115 Cal. App. 201, 204 [1 P.2d 37].) █ Application of the rule is limited to a deed containing a description wherein the street as such is used as a boundary. (*Joens* v. *Baumbach*, *supra*, 193 Cal. 567, 571; *Anderson* v. *Citizens Sav. etc. Co.*, 185 Cal. 386, 392-393 [197 P. 113] ; *Watkins* v. *Lynch*, *supra*, 71 Cal. 21, 27 ; *City of Redlands* v. *Nickerson*, 188 Cal.App.2d 118, 124 [10 Cal.Rptr. 431] ; *Almaden Vineyards Corp.* v. *Arnerich*, *supra*, 21 Cal.App.2d 701, 704.) This conclusion follows from the reason for the rule which is that in a description using a street as a boundary the street is a monument and the center of the street, rather than its side line, is the thread of the monument. (*Moody* v. *Palmer*, *supra*, 50 Cal. 31, 36 ; *Thorpe* v. *Los Angeles Gas & Elec. Corp.*, *supra*, 115 Cal.App. 201, 205.) If, in delineating a boundary, the descrip-

tion does not refer to the street as such it does not use the street as a monument. ▮ Included within the rule, because the reason therefor applies, is a deed describing the property conveyed as a specifically numbered lot or block as shown upon a map which also shows such property to be bounded by a street. (*Anderson* v. *Citizens Sav. etc. Co., supra,* 185 Cal. 386, 393; *Freelon* v. *Adrian,* 161 Cal. 13, 18-19 [118 P. 220]; *Pinsky* v. *Sloat,* 130 Cal.App.2d 579, 582 [279 P.2d 584].)

"A description of a lot as that shown on a certain map is a description of it as bounded by a street when the map shows it to be so bounded, so that to such a description the same reason and the same rule apply." (*Anderson* v. *Citizens Sav. etc. Co., supra,* 185 Cal. 386, 393.)

▮ Excluded from the rule, because the reason therefor does not apply, is a deed wherein the description of the property conveyed uses a side line of the street, rather than the street itself, as a boundary. (*Warden* v. *South Pasadena Realty etc. Co.,* 178 Cal. 440, 442 [174 P. 26]; *Berton* v. *All Persons, supra,* 176 Cal. 610, 614; *Severy* v. *Central Pac. R. R. Co.,* 51 Cal. 194, 197; *cf. Alameda Macadamizing Co.* v. *Williams,* 70 Cal. 534, 540 [12 P. 530].)

▮ The defendants contend that the reference in the subject deed to lot and block numbers of Bay View Tract, as shown on the recorded map thereof which also shows the existence of Buell Street, brings their case within the rule of construction prescribed by section 1112, because the description used shows that the southerly line of the property conveyed is the southwesterly line of Block 1 of that tract, and the map therein referred to shows that the southwesterly line of Block 1 is the northwesterly line of Buell Street. In support of their conclusion the defendants rely particularly on the decision in *Anderson* v. *Citizens Sav. etc. Co., supra,* 185 Cal. 386, 392, wherein the deed conveying the property there involved described it solely by reference to a lot and block number as shown on a subdivision map. However, in the case at bar the deed describes the subject property by metes and bounds. In an attempt to obviate this distinction the defendants advance the further argument that the description of the southerly boundary of the property conveyed by the deed at hand "must be construed to refer to the technical Southwesterly line of Block 1 which would be the center line of Buell Street" which is shown on the map as an abutting street. This argument is based on the assumption that the deed

before us has the effect attributed to a deed which describes property as bounded by a street. The argument begs the question. The premise assumed is the issue in dispute. The decisions which apply the rule of section 1112 to a deed describing property by reference to a map which shows the property to be bounded by a street are confined to descriptions which specify a particular lot or block by number. (*Anderson* v. *Citizens Sav. etc. Co.*, *supra*, 185 Cal. 386, 388, 392-394; *Freelon* v. *Adrian*, *supra*, 161 Cal. 13, 18-19; *Pinsky* v. *Sloat*, *supra*, 130 Cal.App.2d 579, 581, 582.) The deed in the instant case does not purport to convey property by a description confined to a lot or block number appearing on a designated map. The reference therein to a map, to the lots and blocks appearing thereon, and to the boundary lines of those lots and blocks, is made for the purpose of identifying a starting point, intermediate points and monuments as part of a metes and bounds description. In those instances where the monument is a lot or block line, its actual position on the ground as shown on the map is controlling and there is no provision of law which directs that its position be changed to the center of an adjoining street. (*Berton* v. *All Persons*, *supra*, 176 Cal. 610, 616; *Masterson* v. *Munro*, 105 Cal. 431 [38 P. 1106].) Furthermore, one of the ways by which the effect of section 1112 may be avoided is to describe the property conveyed by metes and bounds. (*Berton* v. *All Persons*, *supra*, 176 Cal. 610, 613; *Joens* v. *Baumbach*, *supra*, 193 Cal. 567, 571; *Brown* v. *Bachelder*, 214 Cal. 753, 756 [7 P.2d 1027].) The starting point of the description of each of the parcels conveyed by the subject deed was the southwest corner of Lot 5 as shown on Map 104, i.e., the plat of Bay View Tract. From this starting point the boundaries of parcel 1 are traced by a metes and bounds description to a point described as the intersection of the southeasterly line with the southwesterly line of said Block 1, from which point the southerly boundary is described by the use of these words: "Thence South 53° 31' 20" East *along said Southwesterly line* 180.33 feet to point of beginning." (Emphasis added.)

The description of the boundaries of parcel 2 commences at the common starting point, from which the southerly boundary of this parcel is described as follows: "Thence South 53° 31' 20" West *along the Southwesterly line* of said Lot 5 a distance of 23.23 feet." (Emphasis added.)

The southwesterly line of Block 1 is also the southwesterly line of Lot 5 and, at the time in question, was also the north-

westerly line of Buell Street. If, instead of describing the southerly boundaries of these two parcels as certain distances *along* the southwesterly line of Block 1 and Lot 5 respectively, the deed before us had described them as certain distances along the northwesterly line of Buell Street, under settled rules it would not have conveyed the property therein described to the center of Buell Street. (*Warden* v. *South Pasadena Realty etc. Co., supra,* 178 Cal. 440, 442; *Berton* v. *All Persons, supra,* 176 Cal. 610, 614; *Severy* v. *Central Pac. R. R. Co., supra,* 51 Cal. 194, 197.) Apparently it is for this reason that the defendants advance the fallacious argument heretofore noted that the southerly boundary line in question, i.e., the southwesterly line of Block 1 and Lot 5, technically is the center line of Buell Street. This argument points up the significance of the rule limiting the application of section 1112 to a deed describing property as bounded by a street as such. That section does not contemplate the substitution of an assumed boundary line for one actually described.

▆ The defendants further contend that a metes and bounds description which does not mention an adjoining street nevertheless conveys title to the center of that street and cite *Merchant* v. *Grant,* 26 Cal.App. 485 [147 P. 484], in support of this contention. The cited case involved the title to a strip of land between property conveyed by a metes and bounds description and a county road. The strip in question had been used as a part of the adjoining roadway for the purpose of ingress and egress to and from a warehouse located on the described land. The trial court determined that the parties intended that the county road should be the southerly boundary of the property conveyed, and in its judgment extended the boundary line to the center of that road. It would appear that the principal issue in the case was determined on the basis of a mutual mistake of fact. However, with respect to the center of the road boundary which appeared in the judgment, the appellate court said (p. 489):

"We do not think that where the land as described in fact abuts upon a street or highway, though the street or highway be not mentioned as the boundary, the grant *necessary* [*sic*] shows 'a different intent' " (referring to the provisions of section 1112) (emphasis added), and concluded that (p. 490) ". . . the case in fact turns upon the effect of the deeds above considered *and the evidence in respect of the intention of the grantors.*" (Emphasis added.)

It thus appears that, anything in the opinion to the contrary

notwithstanding, the basis for the decision in the cited case was the conclusion that a metes and bounds description in a deed does not *necessarily* show an intent that the conveyance effected thereby should not pass title to the property in and to the center of an adjoining street, and that the evidence in the case supported the conclusion of the trial court that the grantors in the deed there under consideration intended to pass such title. If so construed, the cited case is in harmony with the many cases heretofore considered and does not support defendants' position. On the other hand, it does indicate that the determination of the issue respecting the intent of the grantors in the premises may be the subject of parol evidence.

## EFFECT OF SECTION 831 OF THE CIVIL CODE

Section 831 of the Civil Code provides: "An owner of land bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown."

Although the rule of construction prescribed by section 1112 of the Civil Code does not apply to the deed in the case at bar because the land conveyed thereby was not described as bounded by a street, nevertheless, it is a fact that the southerly line of that land adjoined a street and, under the provisions of section 831 the plaintiff's predecessors in interest, and the plaintiff as owner of that land at the time the street was vacated, are presumed to have owned to the center of that street. This presumption, however, is not conclusive. The intention of the parties to the deed is the determinative factor. (*Neff* v. *Ernst, supra,* 48 Cal.2d 628, 635; *Severy* v. *Central Pac. R. R. Co., supra,* 51 Cal. 194, 197; *City of Redlands* v. *Nickerson, supra,* 188 Cal.App.2d 118, 126.) Extrinsic evidence is permissible to overcome the presumption and to resolve the issue. (*Neff* v. *Ernst, supra,* 48 Cal.2d 628, 635; *Joens* v. *Baumbach, supra,* 193 Cal. 567, 571.) The defendants' contention to the contrary is without merit.

The fact that a metes and bounds description was used in a deed may be considered in rebuttal of the subject presumption and will support an inference that the parties thereto intended to limit the conveyance to the property within the boundaries actually delineated. (*Joens* v. *Baumbach, supra,* 193 Cal. 567, 571; *Berton* v. *All Persons, supra,* 176 Cal. 610, 614; *City of Redlands* v. *Nickerson, supra,* 188 Cal. App.2d 118, 126; see also *Machado* v. *Title Guarantee & T. Co.,* 15 Cal.2d 180, 185 [99 P.2d 245]; *Brown* v. *Bachelder, supra,* 214 Cal. 753, 756.) There is additional evi-

dence in the case at bar which supports the conclusion of the trial court that the parties to the subject deed did not intend a conveyance of any part of Buell Street. At the time of the sale by plaintiff to Poor, Reno and Markin, the latter were represented by Reno, who conducted the negotiations on behalf of all of the purchasers. They desired to build a drive-in-and-out auto wash on property adjoining a service station located on the corner of Rosecrans Street and Midway Drive. The property desired was "L" shaped in design, with a 55-foot frontage on Rosecrans and a 55-foot frontage on Midway. The property described in the subject deed conforms to this concept. At the trial, Reno testified that he and the plaintiff stepped off the 55-foot frontage on Rosecrans, starting at the southerly line of the service station property. This would exclude any part of Buell Street, which was immediately south of and adjoining the Rosecrans 55-foot frontage, and which was being used as the backyards of the adjacent housing project dwellings located on property owned by and leased from the plaintiff. Reno further testified that he did not know there was a street adjoining the southerly line of the property which he and his associates proposed to purchase, and that he was not interested in any adjacent street. Upon culmination of the sale, he and his co-owners caused a survey to be made of the subject property and built their car wash building and a concrete block wall on the southerly line thereof as described in the subject deed. When the property was sold to the defendants, Reno explained to them that the car wash building was located on the boundary line of the property being sold and that the frontage on Rosecrans was 55 feet. The total evidence adequately supports the conclusion of the trial court that the parties to the subject deed intended only a conveyance of the property actually described therein and did not intend a conveyance extending to the center of Buell Street.

The defendants also contend that the court erred in overruling their objections to two questions propounded to the plaintiff as a witness. We have examined the answers to these questions. They are innocuous. Even if the court erred, the error was not prejudicial.

The judgment is affirmed. The attempted appeal from the order denying defendants' motion for a new trial is dismissed.

Griffin, P. J., and Shepard, J., concurred.