## Buck *vs.* Hardy.

Whether the tenant in a writ of entry, whose title has been found fraudulent and void as against the creditors of his grantor, the demandant being one, can be admitted to take exceptions to the regularity of the demandant's extent on the premises—*quære.*

If the judgment debtor is not in the county, it is sufficient if the officer, who is about to extend an execution on his lands, should leave notice at his last and usual place of abode. But whether *any* notice in that case is necessary—*quære.*

Six hours notice to the judgment debtor, of an extent about to be made on his lands, was held sufficient, he living within a quarter of a mile of the premises.

If, in the return of an extent, the land be described with such certainty that there could be no mistake as to its location, it is enough.

An extent may well be of a chamber in a house or store, with a right of ingress and egress by an outer door, entry and staircase.

An officer was permitted to amend his return of an extent, by inserting notice to the debtor and his absence from the county, after the execution was recorded and returned, and pending an action for the land.

IN this case, which was a writ of entry, the demandant made title to the premises under an extent against the grantor of the tenant, made in *June* 1827, in which the premises were described as " the westerly half of the ground floor of the store occupied by *E. S.* and of the cellar under the same, divided from the residue

Buck v. Hardy.

of said store by a line running from a mark on the north side of said store, through the centre of the same southerly to land of *J. H.* ; together with all the land under and adjoining the same west half of said store, northerly to the *Kennebec*-road, and westerly and southerly to land of the said *H.* Also, the northwest chamber in the second story of said store, with a right of passage through the stairway, and an open entry leading from the street to said chamber."— In the officer's return on the execution, which was against the tenant's grantor and another, he certified that the creditor had chosen one appraiser, and that he had chosen the other two; without designating which was appointed for the debtors, who neglected to choose any appraiser; nor did it appear that he had given them any notice of the intended extent.

Hereupon the tenant objected, 1st, that the estate was not sufficiently set out by metes and bounds;—2d, that it did not appear that the debtors were notified and requested to choose an appraiser, nor that they did not dwell within the county;—3d, that the extent upon the chamber, as set forth, with the right of passage, was illegal. But *Weston J.* before whom the cause was tried, overruled these objections for the purposes of this trial, reserving them, together with a motion of the officer for leave to amend his return, for the consideration of the court.

The title of the tenant being impeached as fraudulent and void against the creditors of his grantor, the jury found a verdict against him; which was taken subject to the opinion of the court upon the points raised at the trial.

The Court having granted the officer leave to amend his return, he certified that he made search for the debtors but could not find them, they both being out of the county; and that he left a written notice at their last and usual place of abode, about six hours before the extent, they living within a quarter of a mile of the premises.

*J. McGaw,* for the tenant, contended that this notice was not sufficient. The creditor has thirty days within which he may extend his execution, his lien being continued for that time after judgment; and it is but reasonable that the debtor should have at least one

day's notice, that he may so arrange his business as to select an ap-praiser and attend in person. It ought also to be personal notice, its object being to exercise an act of judgment not easily or safely delegated to another. *Eddy v. Knapp,* 2 *Mass.* 155.

And as to the mode of the extent, he insisted that it was defective, in not stating the metes as well as bounds, that the distance from one monument to another might appear, or the quantity in some other way be ascertained. Nor was the right of passage legally taken. If the creditor would avail himself of such an easement, he should take it by the common and ordinary passage of the existing stairs.

*Brown,* for the demandant.

. WESTON J. delivered the opinion of the Court.

It might deserve consideration, whether it is competent for the tenant, who holds under a title found by the jury to have been frau-dulent as against creditors, to take the exceptions upon which he relies to defeat the demandant's levy. This point however it will be of no importance to decide, if the exceptions raised are not of a character to be sustained. , It is insisted that the course taken by the creditor, and by the officer under his direction, has deprived the judgment debtors of the right, to which they were by law entitled, to choose an appraiser. The creditor may elect at what time, be-fore the return day of the execution, he will cause it to be levied. He may be impelled, from just apprehensions of being anticipated by others, to proceed immediately. The debtor is to be duly notifi-ed by the officer, if he be living within the county. As the author-ity of the officer, through whose agency the levy is made, is limited to his own county, the law does not require him to perform an act of official duty elsewhere. The officer, in his return, as amended by permission of court, states that he made search for the judgment debtors and could not find them ; and he further adds that they were not within the county. It was not in his power then to give them personal notice ; and it was his duty to complete the levy, that the rights of the creditor might not be defeated. Upon these facts it would be reasonable, although we would not be understood to de-

termine it to be absolutely necessary, that he should leave notice at their last and usual abode, that if there was any one there to whom their affairs had been confided, he might have an opportunity to appear in their behalf. The period of six hours allowed by the officer was ample for this purpose; their residence being within a quarter of a mile of the premises. Neither he nor the creditor were bound to await their return into the county. It might have been hazardous to do so; especially if they had occasion to be absent for some time.

It is not to be supposed that the officer would conspire with the creditor to seek an opportunity to proceed in the absence of the debtor, with the view to deprive him of his right to appoint an appraiser. Whether if such a fact was made out to the satisfaction of a jury, the levy might not be defeated on the ground of fraud, or whether the party aggrieved might not avail himself of some other adequate legal remedy, it is not necessary now to determine.

It is further urged that in extending executions upon real estate, the statute requires metes as well as bounds; and that here although bounds are given, metes are not. By metes in strictness may be understood the exact length of each line, and the exact quantity of land in square feet, rods, or acres. It would be going too far to require that this should be set forth in every levy. The legislature intended that the land should be described with such certainty, that there could be no mistake as to its location. Metes result from bounds; and where the latter are definitely fixed, there can be no question about the former. The bounds are here given with great exactness, and as the metes are with certainty deducible from them, they may be considered as also given, by necessary implication.

We entertain no doubt that an execution may be levied upon a chamber in a house or store, which may be set off as a distinct and separate freehold; and if so, a right of ingress and egress by an outer door, entry and staircase may be given as incident and necessary to its enjoyment. In *Taylor v. Townsend,* 8 *Mass.* 411, *Parker J.* in delivering the opinion of the court, says, " It sometimes happens that the chambers of a house are sufficient to satisfy an execution, sometimes the lower rooms and cellar; now it

is absurd to suppose that these may be taken and set off to the creditor, and yet that no passage through the entry and staircase can be given." *Judgment on the verdict.*