HARRISON MAYNARD *v.* PHILO WEEKS.*

*Deed. Construction. Boundary. Railroad. Trespass.*

When a highway or railroad is referred to in the description in a deed as constituting a boundary, the center line will be held to be the boundary referred to, unless the language used in so referring to it shows clearly that a side line, instead of the center, was intended. If there be a doubt which was intended, the law will resolve the doubt in favor of the center.

The words in the description were as follows: "Beginning on the west line of Vermont & Canada railroad and southeast corner of land west of said railroad, owned by said Philo Weeks; thence south on the west line of said railroad twenty-eight rods; thence west," etc. Said Weeks owned to and across the railroad at said southeast corner. *Held,* that it was clearly the intention to bound the land conveyed on the west line of the railroad, and not on the center line.

The question whether the owner in fee of land subject to the easement of a railroad and appropriated by the railroad company for such purpose, can maintain an action against another for trespass thereon, not decided.

TRESPASS on the freehold. Plea, the general issue and notice. Trial by the court, September term, 1867, WILSON, J., presiding.

It was conceded by the defendant that he entered upon the land and cut the grass thereon, in the year 1866, and converted it to his own use, which is the supposed trespass complained of. The land in dispute, on which the defendant cut the grass, is situated and lying between the center line and west line of the Vermont & Canada railroad, in St. Albans, in the county of Franklin. Among the papers introduced in evidence was a copy of a deed from Nathan Green and wife and Henry C. Green to Weeks &

* Heard at the January term, 1868.

Parsons, dated January 14, 1856, and the principal question arose upon the construction of said deed, and this is the only question decided by the supreme court. The question raised is stated in the opinion.

The court rendered a *pro forma* judgment for the plaintiff to recover of the defendant ten dollars damages and his costs. Exceptions by the defendant.

*E. A. Sowles* and *H. C. Adams*, for the defendant, cited, upon the question of construction, *Marsh* v. *Burt*, 34 Vt., 289; 2 Wash. R. P., 635; *Dovaston* v. *Payne*, 2 Smith's L. C., 213.

Railroad companies have the exclusive possession of lands bordering on their track, under their act of incorporation, for all purposes, including the cutting of the grass thereon, as against all persons, even the adjacent land owners. The plaintiff and defendant would therefore both be intruders, and liable in an action in favor of the respective companies. The plaintiff can not; therefore, sustain his action of trespass *quare clausum fregit* against the defendant. *Ripley* v. *Yale et al.*, 16 Vt., 257; *Chesley* v. *Brockway*, 34 Vt., 550.

*Dewey & Noble*, for the plaintiff.

The plaintiff has a complete and indefeasible title to the fee of the land in dispute, subject to the easement of the railroad corporation. 15 John., 447; 34 Vt., 289; 24 Vt., 484; 10 Pick., 249; 11 Pick., 192; 12 Pick., 292.

So far as these parties are concerned, the rights of the parties are the same as though the easement were the property of the public and used as a highway. A railroad is an improved highway; property taken for its use by the authority of the legislature is property taken for the public use the same as if taken for any other highway. *White River Turnpike Co.* v. *Vt. Central R. R. Co.*, 21 Vt., 590; *Armington* v. *Barnet et al.*, 15 Vt., 745; *Bloodgood* v. *Mohawk & H. R. R.*, 14 Wend., 51.

The opinion of the court was delivered by

PIERPOINT, C. J. The principal question for our consideration is as to the construction of the deed from Nathan Green and wife

and Henry C. Green to Weeks & Parsons. The words in the description of the premises conveyed, about which the controversy arises, are as follows : " Beginning on the west line of Vermont & Canada railroad and southeast corner of land west of said railroad, owned by said Philo Weeks. Thence south on the west line of said railroad twenty-eight rods. Thence west, etc." It is claimed by the plaintiff that by this deed the land conveyed is bounded on the east by the west line or side of the land owned by said railroad, and that no part of the territory owned by said road is embraced within the description. If this claim is right, then the defendant had no title to, or interest in, the *locus in quo*, nor the possession at the time of committing the trespass complained of, but the fee of the land, subject to the easement of the railroad, was in the plaintiff.

The defendant insists that the east line of the premises conveyed by said deed is the center line of said railroad, and that the fee of the land in controversy was in him at the time of the acts complained of, subject to the rights of said road.

Public roads and highways, also railroads, are regarded as having three lines : the center line, which is usually the line surveyed when the road is laid out, and on each side of which the road is laid ; the two side lines, at equal distances from the center line, and between which lies the territory covered by the road.

When, in a conveyance of real estate adjoining a highway, such highway is referred to as constituting a boundary, the center line will be held to be the boundary so referred to, unless the language used in so referring to it shows clearly that a side line, instead of the center, was intended. If it be doubtful which is intended, the law, from considerations of public policy, will resolve the doubt in favor of the center. *Marsh* v. *Burt*, 34 Vt., 289, and the cases there referred to.

In this case the description of the land commences " in the *west line* of the railroad ;" thus far there is no room for doubt or construction ; the words that follow are, " and southeast corner of land west of said railroad, owned by said Weeks ;" these words, if standing alone, would undoubtedly be construed to mean the southeast corner west of the center line, as Weeks owned to and across

the railroad at that point, but when taken in connection with the words that precede them, and being followed by the words "thence south on the *west line* of said railroad," etc., it seems to us impossible to raise a doubt as to the intention, or to find room for construction. It would have been difficult for the parties to have expressed more clearly an intention to bound the land conveyed on the west line of the road and not upon the center line.

It has been argued before us that as the land in question was covered by the railroad, and the road having the possession and the right to the exclusive possession so long as they held it for the purposes for which it was taken, the plaintiff had no such title, possession or right of possession as was necessary to enable him to maintain this action. As the case is made up, if this question was now properly before us, it might be somewhat difficult for the plaintiff to overcome it, but as the question was not raised and passed upon in the county court, it is too late to raise it here.

The judgment of the county court is affirmed.