## McARTHUR & WALKER v. JAMES B. MORRIS.

*Description in Deed—Covenant of Seizin.*

An exception in a deed conveying land, of " eighty acres, *more or less*, heretofore conveyed to L., joining said L's land," is merely descriptive, and not of the essence of the contract, so as to involve the breach of a covenant of seizin by the grantor, where the portion heretofore conveyed is found upon a survey to be one hundred and seventy acres.

CIVIL ACTION for breach of covenant in a deed tried at August Special Term, 1879, of RUTHERFORD Superior Court, before *Buxton, J.*

The defendant by deed executed on the 4th of April, 1871, and to which his wife was a party, for the consideration of three thousand and five hundred dollars, conveyed to the plaintiffs two tracts of land with a minute and exact description of the boundaries of each, the former as " containing four hundred and eighteen acres more or less," and the latter as " containing two hundred and forty-five acres more or less, saving and excepting out of the boundary of the last mentioned, that is, the Rucker tract, eighty acres more or less, heretofore conveyed by said J. B. Morris to J. K. Lynch, joining said Lynch's land." The defendant covenants in his deed, " that he is seized in fee simple of said lands and has lawful power to make this conveyance," and further, " to warrant and defend the same to the parties of the second part (plaintiffs) and their heirs forever, free from the lawful claims of all persons whomsoever."

The defendant had on March 20th, 1861, sold and conveyed to said J. K. Lynch for the sum of one thousand and fifty dollars, a tract with well defined boundary lines, represented " as containing one hundred and fifty acres more or less," the deed for which had not been registered and could not be found when the conveyance was made to the

plaintiffs. Upon a survey it was ascertained that the land described in the deed to Lynch consisted of two hundred acres, of which thirty covered the "Dickey tract" and one hundred and seventy the "Rucker tract."

The action is brought on the covenant of seizin to recover the value of the land embraced in the Lynch deed in excess of the eighty acres it is represented to contain, and the jury upon issues submitted and under instructions of the court ascertain the value, (1) of all the land purchased by the plaintiffs to be three thousand five hundred dollars; (2) of the ninety acres lappage upon the Rucker tract, above the eighty acres mentioned, to be two hundred dollars; and (3) of the thirty acres lappage upon the Dickey tract to be fifty dollars.

Upon this finding the court gave judgment for the plaintiffs for the assessed value of both lappages with interest, and the defendant appealed from so much thereof as charged him with the lappage upon the Rucker tract.

*Messrs. Hoke & Hoke*, for plaintiffs.
*Mr. W. J. Montgomery*, for defendant.

SMITH, C. J., after stating the case. If the terms of the covenant were that there were but eighty acres taken from the area of the Rucker tract, with its defined boundary lines, by the pryor deed to Lynch, it would be broken and the defendant would be liable in damages commensurate with the value of the ninety acres lost beyond the number specified, and the ruling of the court would be correct. But if its meaning be, and such we think is a fair construction of the words, to exempt from the operation of the plaintiffs' deed all the land embraced in the deed to Lynch, and the supposed area is mentioned as descriptive only, then the reserved land without regard to quantity would be included in the plaintiffs', and consequently the covenant would at-

tach to no part of it. The defendant covenants as to the title to the land described and which his deed purports to convey, but not to that which is reserved out of the general description of the boundary lines. A superior outstanding title to the reserved part cannot be a breach of the obligation entered into in regard to that which the grantor designates, and undertakes to convey. "Whenever it appears," remarks Chancellor KENT, "by the definite boundaries, or by words of qualification, as 'more or less,' or as 'containing by estimation,' or the like, that the statement of the quantity of acres in the deed is mere matter of description and not of the essence of the contract, the buyer takes the risk of quantity, if there be no intermixture of fraud in the case." 4 Kent Com., 466. See also *Noble* v. *Goggins*, 99 Mass., 235, where the authorities are reviewed and a similar conclusion reached. Rawls Cov. Title, 358.

The statement as to the supposed quantity passing under the Lynch deed, followed by the words, "more or less," shows that it was but a conjectural estimate resting on memory only, and the purpose was to exclude all which that deed embraced, so that if the area was less, the plaintiffs would get the benefit of the enlargement, and if more, they must sustain the loss arising from the reduction. If there was fraud practiced, the plaintiffs are not without remedy in a different action, but in our opinion they cannot recover for the deficiency in the Rucker tract upon the defendant's covenant.

There is error, and judgment will be entered for the plaintiffs for fifty dollars, the damages as to the Dickey tract, and interest.

Error.                                    Judgment accordingly.