MELISSA S. MOORE *vs.* JOHN J. WALSH.

MARCH 27, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Deeds.  Description.  Covenants.*

Where in a deed, the premises are particularly described by metes and bounds, the additional statement that the tract contains a certain number of acres is merely descriptive and does not create a covenant of quantity.

Where it clearly appears that it was the intention to convey a definite quantity and that only, the rule is otherwise.

*(2)  Deeds.  Metes and Bounds.*

Metes and bounds are the boundary lines or limits of a tract, and when a tract is bounded on lands of other named persons, those lands are the metes and bounds.

COVENANT.  Heard on exception of plaintiff to decision of Superior Court, sustaining demurrer to declaration.

Exception overruled.

BAKER, J. This is an action of covenant. The declaration alleges the conveyance by the defendant to the plaintiff of "that certain farm or parcel of land with all the buildings and improvements thereon, situated in said town of Warwick, and bounded and described as follows, to wit, northerly and southerly on land now or formerly of Stephen A. Austin, easterly on land now or formerly of Elijah C. Baker, and westerly on land now or formerly of Joseph G. Johnson, or however otherwise the same may be bounded and described, containing forty (40) acres more or less and is known as the 'Carter Farm.'" . . . "That at the time of making and executing the said deed the said farm or tract of land did not contain forty acres, but did in fact contain only thirty acres of land." And the "defendant hath not kept his said covenants so made with the plaintiff." To this declaration the defendant demurred because "I. Said declaration shows that defendant's deed contained a description of the farm independent of the acreage and that said deed described the area as 'forty (40) acres more or less.' II. Said declaration does not set up or show any claim of fraud against the said defendant in any way."

The Presiding Justice of the Superior Court sustained the demurrer. To such decision the plaintiff excepted and the case is before this court on plaintiff's bill of exceptions containing this single exception.

(1) It is well settled that where in a deed a tract of land is particularly described by metes and bounds the additional statement that the tract contains a certain number of acres is to be considered merely as descriptive and does not create a covenant of quantity. Kent's Com. Vol. 4, *p. 466; 8 Am. & Eng. Ency. L. 62; Rawle on Covenants for Title, 5th ed. § 297; *Rogers* v. *Peebles*, 72 Ala. 529; *Powell* v. *Clark*, 5 Mass. 355; *Perkins* v. *Webster*, 2 N. H. 287; *Roat* v. *Puff*, 3 Barbour (N. Y.), 353; *Large* v. *Penn.*, 6 Serg. & Rawle, 488; *Elliott* v. *Weed*, 44 Conn. 19; *McArthur* v. *Morris*, 84 N. C. 405. See, also, *Noble* v. *Googins*, 99 Mass. 231, and *Doyle* v. *Mellen*, 15 R. I. 523, in which, although not

actions of covenant, it is held that boundaries definitely given will control statements as to quantity, or as to the length of a boundary line. Of course, if it clearly appeared that it was the intention to convey a definite quantity and that only, the rule would be otherwise. 13 Cyc. 636 and cases under note 24.

Metes and bounds mean the boundary lines or limits of a tract. Words & Phrases, Vol. 5, 4498. When a tract is bounded on lands of other named persons these lands are the metes and bounds of the tract. *Pernam* v. *Wead*, 6 Mass. 132. The tract in this case is described in the declaration by metes and bounds; and the following words, "containing forty (40) acres, more or less," must be held to be merely descriptive and not as creating a covenant of quantity.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*James A. Williams, Henry A. Palmer*, for plaintiff.
*Benjamin W. Smith*, for defendant.