## UNITED STATES v. 5.324 ACRES OF LAND.

### Civil Action No. 4929.

United States District Court
S. D. California
Central Division.
July 12, 1948.

James M. Carter, U. S. Atty. by George F. Hurley and Albert N. Minton, Special Attorneys, Lands Division, Department of Justice, all of Los Angeles, Cal., for the United States.

Sprague & Sparks, of Los Angeles, Cal., for defendant, Grace B. Severy.

O'Connor, J. F. T., Judge.

J. F. T. O'CONNOR, District Judge.

*Introductory Statement:*

The Government, in case No. 4134 O'C. Civil, *United States v. 39.5 acres of land,* filed a condemnation proceeding in this court on December 29, 1944, to condemn, inter alia, the land owned by Mrs. Grace B. Severy, designated therein as Tract No. 132, consisting of 2.377 acres, more or less, by a metes and bounds description set out in the Declaration of Taking filed April 4, 1945. This description literally described and encompassed only her land within a subdivision, although not sub-divided, but did not literally encompass nor describe those portions of Navy Street, 25th Street or Dewey Street, nor any portions thereof, bordering on and contiguous to Tract No. 132. The paramount legal question presented for solution here, besides technical land questions upon which the decision of this court will depend, is the legal sufficiency of this metes and bounds description to also give the Government the fee title to these streets, or portions thereof, bordering on and contiguous to Tract No. 132. The Government con-

tends vehemently that the metes and bounds description of Tract 132 carried certain legal presumptions under California law, particularly C. C. § 1112 and C. C. § 831, sufficient to give the Government title to said streets or portions thereof, and Mrs. Grace B. Severy contends contra. Tract No. 132, supra, is shown on the map as that part described as "not a part of this subdivision," and in the instant action wherein Complaint in Condemnation and Declaration of Taking were filed simultaneously in this court on November 23, 1945, the Government inter alia, also by a metes and bounds description, *is actually and not by implication,* seeking to condemn from Mrs. Grace B. Severy the said thirty feet of Navy Street; Fifteen feet of 25th Street and Forty feet of Dewey Street, bordering on and contiguous to Tract 132, designated as Tract 132–A, containing 0.934 acres, more or less, these being the same

SHEET 4

# TRACT NO. 9903
### IN THE CITY OF SANTA MONICA
MARCH, 1927.          SCALE 1"=60'

streets or portions thereof to which it contends it received title in case No. 4134, O'C, Civil.

Grace B. Severy, by answer filed on December 15, 1947, in case No. 4929 O'C. Civil, admits ownership in Tract designated as 132–A; alleges she was not compensated therefor by the condemnation of Tract 132 in case No. 4134 O'C, Civil, and asks compensation therefor in the sum of $5,000 and for costs of suit.

The Government, as a justification for its ommission, or possible inadvertence, to also include the said streets or portions thereof, in its literal metes and bounds description in Declaration of Taking filed April 4, 1945, in condemnation of Tract 132 in case 4134—but which it is nevertheless contending that it received legal title to by certain presumptions of law—has this to say:

"In case No. 4134 O'C Civil, both the complaint and the declaration of taking recite that the full fee simple title to the property is taken subject to existing easements for public roads and highways. * * *

"Thus the only right in the portions of streets involved in case No. 4929 O'C., as Tract No. 132–A retained by the defendant Severy would be the right, shared with the public, represented by the City of Santa Monica, to use such portions of such streets as public highways, and other streets (Defendant's Exhibit F). The sole purpose in bringing case No. 4929 O'C was to close out such easements of the public and of the defendant, Severy, to use said portions of said streets for public roads, and highways, and had it been known to the Government at the time of filing instant action that the City of Santa Monica had already vacated said streets it would have been unnecessary to file action 4929 O'C and, in all probability, it would not have been brought for any purpose." (Gov. brief p. 4)

The City of Santa Monica vacated the streets in question, unknown to the Government in September, 1945.

The metes and bounds description used by the Government in its declaration of taking, filed April 4, 1945, to condemn Tract 132, in case 4134, concededly does not literally encompass the streets bordering on Tract 132, but only the land designated as Tract 132 *exclusive of said streets,* and the recital that "the full fee simple title to the property is taken subject to existing easements for public roads and highways" could very well convey the idea that it referred to easements existing within Tract 132.

The difficult problem before the court is to trace the fee title to the streets, designated in the instant case as Tract 132–A, from the time the Title Guarantee and Trust Company obtained title to the said Tract 132 (when there were no streets dedicated) until the Government condemned said Tract 132 in case 4134, as well as to consider the presumptions of C.C. § 1112 and C.C. § 831, applying to the facts herein, and the right of the Government to take advantage of these code presumptions in a condemnation proceeding under the power of Eminent Domain.

For an attempted simplification of a complex state of facts, this Opinion will be divided into four subdivisions, as follows;

Subdivision 1—The status of the fee title to the streets, designated by the Government in this action as Tract No. 132–A, bordering on and contiguous to Tract No. 132, at the time when the subdivision of Tract 990 was adopted by the City of Santa Monica.

Subdivision 2—The ownership of the fee title to the streets in question when the Title Guarantee and Trust Company deeded said Tract No. 132 to Mrs. Grace B. Severy by grant deed on April 22, 1927.

Subdivision 3—The ownership of the fee title to the streets when the Government filed its Declaration of Taking in case 4134 O'C.Civ. on April 4, 1945, and

Subdivision 4—The interest the Government obtained in Tract 132–A by filing its condemnation proceedings.

*Subdivision 1:*

To reach a correct solution of the paramount legal problem in this case, namely, the question of whether or not the Government obtained in civil action 4134 fee title to the streets or portions thereof in question, Tract 132–A, an analysis of the facts and a correct application of the principles

of law controlling them according to California law is necessary. To this end we deraign the title to the land comprising the streets in question from the time when such streets were not in existence to the time of this condemnation proceeding, case 4134.

*Historical background:*

Prior to April 12, 1927, defendant, Grace B. Severy, owned all the land thereafter subdivided into Tract 9903 in Santa Monica, and previous to that she conveyed to the Title Guarantee and Trust Company (now Title Insurance and Trust Company) all of the land later subdivided into Tract 9903, together with land constituting Tract 132, not part of the subdivision (Plaintiff's brief filed February 16, 1948).

On March 22, 1927, Tract 9903 was subdivided and a map of it reads as follows:

"Tract No. 9903 in the City of Santa Monica being a subdivision of a portion of the 386.955 acre parcel of land allotted to Ygnacio Machado in the partition of a part of the Rancho La Ballona, known as Tract No. 4, as shown on map filed in case No. 2000 of the District Court of the 17th Judicial District of the State of California, in and for the County of Los Angeles. March, 1927,"

and was recorded April 12, 1927 (Book 138, page 25 to 28 of Maps) in the office of the County Recorder, Los Angeles County, whereby the Title Company " * * * *dedicate(d) to the public use all the avenues, streets and alleys shown on said map within the said subdivision and grant(ed) and dedicate(d) to the City of Santa Monica for public utility purposes the easements as shown on said map (Italics supplied).*

Having in mind that Tract No. 132 is no part of this subdivision (plaintiff's brief filed Feb. 16, 1948), it would seem that while the easements for *public utility purposes* were granted and dedicated to cover Tract 132, for that tract appears on the map—only the avenues, streets and alleys were dedicated with respect to the lots in the subdivision, and did not include those with respect to Tract 132, which tract was not subdivided.

■ In the Acceptance (Plaintiff's Ex. 1), the City Commissioners of Santa Monica by Resolution, adopted March 22, 1927, " * * * accepted on behalf of the public, for highway purposes and avenues, streets and alleys *shown upon said map* and therein offered for dedication as public highways and also accepted on behalf of the City of Santa Monica the easements offered for public utility purposes and shown upon said map" (Italics supplied), without drawing a line of demarcation between the dedication for street purposes and the grant for public utility purposes, but the court will assume, in view of the fact that Tract 132 is shown on said map, though not a part of the subdivision, *the streets bordering on and contiguous to Tract 132, as shown on the map, were dedicated and accepted as easements.* The court is satisfied that the City of Santa Monica obtained only an easement by dedication, for if it had obtained the fee title by grant, then this litigation would be futile because Mrs. Severy could never, thereafter, have obtained the fee title to said streets (Tract 132–A).

*Quaere No. 1: What interest did the City of Santa Monica obtain in the avenues, streets and alleys, as shown upon said map, i. e., was it a fee or an easement?*

Starting with the fee title to the land in the avenues, streets and alleys as it was vested in Grace B. Severy before her deed to the Title Guarantee and Trust Company, let us consider the nature of the interest conferred by dedication to the City of Santa Monica by the Title Company after it had obtained the fee title from Grace B. Severy.

■■ Dedication by *map or condemnation* proceedings subjects the land to an *easement* for public street purposes, while a dedication by *deed* usually transfers, according to the expressed intention of the grantor, either an *absolute fee*, or a *fee with reversion* in case of non-use as a street, or *an easement*. When Tract 9903 was subdivided by the Title Company the fee title to the avenues, streets and alleys was not passed to the City of Santa Monica, but only an easement was transferred by dedication, and the then-owner of Tract 9903 and Tract 132 (Title Guarantee and Trust Company) still owned and had the right to transfer the fee in the said ave-

754

nues, streets and alleys and to use the said avenues, streets and alleys for any purpose not conflicting with the public streets; and, by way of illustration, the company could have drained oil from under the surface (assuming oil was there) or constructed a basement under the streets, in other words, the said company still had full power of disposition and control of the avenues, streets and alleys, subject only to the public use.

This was the state of the fee title to the avenue, streets and alleys in question at the time the Title Guarantee and Trust Company, by deed dated April 22, 1927, and recorded in Book 6656 at page 156 of Official Records, Los Angeles County, California, granted the fee title to Tract 132 to the defendant, Mrs. Severy by a metes and bounds description. The streets were not designated by a metes and bounds description as Tract 132A, but only literally described and encompassed Tract 132 (condemned by the Government in case 4134).[1]

*Subdivision 2:*

*Quaere No. 2—Did said deed to Mrs. Severy describing solely Tract No. 132 by a metes and bounds description also give her a fee title to the streets described as Tract 132A?*

"A transfer of land, bounded by a highway, passes the title of the person whose estate is transferred to the soil of the highway in front to the center thereof, *unless a different intent appears from the grant.*" (Enacted 1872, C.C. § 1112); and

"An owner of land bounded by a road or street is presumed to own to the center of the way; *but the contrary may be shown.*" (Enacted 1872, C.C. § 831) (Italics supplied.)

The above California code sections, however, are merely presumptions subject to be rebutted, and they do not es-tablish ipso facto, the ownership in the streets in the abutter, although it may be said that, generally speaking, where the *grantee* takes the fee title to real property by a lot and block description," from a grantor who has the legal fee thereto, these legal presumptions, nothing appearing to the contrary, will give the *grantee* the fee title to the abutting avenue, street or highway.

See Alameda Macadamizing Co. v. Williams, 70 Cal. 534, 12 P. 530; Severy v. Central Pac. R. Co., 51 Cal. 194; and Moody v. Palmer, 50 Cal. 31.

"Land described in a deed as bounded by a street will be considered as bounded by the center of the street, unless it clearly appears that it was intended to make the side line of the street as a boundary instead of the center." Moody v. Palmer, 50 Cal. 31.

*The above code presumptions apply to a transfer by a lot description:*

In Allan v. City & County of San Francisco, 1936, 7 Cal.2d 642, at page 648, 61 P.2d 1175, 1177, the court says:

"In the case of Merchant v. Grant, 26 Cal.App. 485, 489, 147 P. 484, 486, the court, in discussing the applicability of section 1112 of the Civil Code to the facts of that case, made the following comment: 'The rule is well established that the conveyance of a lot bounded upon a street in a city carries the land to the center of the street.'"

In Freelon v. Adrian, 1911, 161 Cal. 13, at page 19, 118 P. 220, 222, the court said:

"If the appellant had made a deed to Barber of the lots and blocks in the Los Piedras Addition, designating them as streets and blocks therein, it would not be questioned for a moment but that under such a conveyance his title extended to the middle of the street upon which said lots and blocks so conveyed abutted, and if the conveyance had been of all the lots and

---

[1] "It is not essential to a dedication that title should pass from the owner. Indeed, as a rule, the public takes nothing but an easement, the fee title and right of entry remaining in the original owner. This rule has been crystallized in the statute providing that 'By taking or accepting land for a highway, the public acquire only the right of way, and the incidents necessary to enjoying and maintaining the same.' * * * Inasmuch as the fee remains in the owner, however, he may exercise all the prerogatives of ownership which are not inconsistent with the public use." 9 Cal.Jur. (Easements) pp. 75–77. See also Pol.Code of Calif. § 2631.

blocks in the addition, simply designated as such, he would have taken title to all the streets."

While the above related cases indicate that in California where a lot description is used and the lot is bounded upon a street, the fee is carried to the center of the street, we are concerned here with a specific metes and bounds description in the deed from the Title Company to Mrs. Severy, *which did not include the streets, Tract 132A, in its coverage.*

*Metes and bounds description generally:*

██ The general rule in this country, although there are exceptions, is that a metes and bounds description [2] will carry the fee to the center of the street or highway contiguous to the lot conveyed, unless a different intent is indicated [3] ; and in California a *metes and bounds description* is one of the methods whereby the presumptions of code sections C.C. § 1112 and C.C. § 831 may be overcome. *Critical analysis of the deed from the Title Guarantee and Trust Company to Mrs. Grace G. Severy, dated April 22, 1927.*

A critical examination of the metes and bounds description of the land conveyed by the grant deed and set out in Note [4] demonstrates that we are dealing with a metes and bounds description that not

---

[2] " 'Metes and bounds' means the boundary line or limit of a tract, which boundary may be pointed out and ascertained by rivers and objects, either natural or artificial, which are permanent in character and erection, and so situated with reference to the tract to be described that they may be conveniently used for the purpose of indicating its extent. The metes and bounds of a tract are as definitely fixed by locating its center line and naming the width of the tract as if the lines of its true boundary had been given by acres and distances, and the description thus given would in such a case prevail over a description given by acres and distances. People v. Guthrie, 46 Ill.App. 124, 128."

" 'By "metes," in strictness, may be understood the exact length of each line, and the exact quantity of land, in square feet, rods, or acres,' Rollins v. Mooers, 25 Me. 192, 196, 12 Shep. 192, 193 (quoting Buck v. Hardy, 6 Me. 162, 6 Green. 162."

"Where a lot was in rectangular form, a description in a levy of execution on a certain number of acres off the east end was a sufficient description by metes and bounds. Rich v. Elliot, 10 Vt. 211, 213."

"Where land was bounded in the deed by the lands of named persons, it was described by metes and bounds, which mean the boundary lines or limits of a tract. Moore v. Walsh, 37 R.I. 436, 93 A. 355, 356." Vol. 27, Words and Phrases, Perm. Ed., "Metes and Bounds."

[3] "While there is authority to the contrary (cases cited), it is more commonly held that a conveyance of land described by metes and bounds carries with it the fee to the center of the highway if the land actually abuts thereon, *unless a different intention is indicated* (cases cited) ; as appears in § 104, infra, the presumption of an intent to convey to the center may or may not be overcome by the fact that the land conveyed is described by metes and bounds, or that the measurement of a sideline as stated in the description does not go to the center of a boundary street, but only to the edge thereof." 11 C.J.S., Boundaries, § 35, p. 582, § 104: "There is a presumption that the boundary of land abutting a highway, street, or nonnavigable watercourse, extends to the center thereof, subject only to a public easement (cases cited), although the distances and dimensions of the land are sufficient merely to carry it to the side (cases cited). *Unless a contrary intention appears, it is presumed that a conveyance of such property passes title to the center of the highway, street or watercourse* (citing Joens v. Baumbach, 193 Cal. 567, 226 P. 400; Berton v. All Persons, 176 Cal. 610, 170 P. 151, and that it was the grantor's intention to convey that interest (citing Joens v. Baumbach, 193 Cal. 567, 226 P. 400. 11 C.J.S., Boundaries, § 104, pp. 693, 694.

[4] "Beginning at the most Westerly corner of Lot Two Hundred Fourteen (214) of Tract Number Ninety-nine Hundred Three (9903) as per map recorded in Book 138, pages 25 to 28 inclusive, of Maps, Records of said County; thence South 35° 14' 40" East *along the Southwesterly line of said Lot* Two Hundred Fourteen (214), One hundred Thirty-nine and Sixty-one Hundredths (139.61) feet to the most Southerly corner thereof; thence along the lines of the alley, Dewey Street, Twenty-fifth Street and Navy Street, all as shown on said map, the following courses, distances and curves: South 56° 08' 09" West Twenty-five and One Hundredths (25.01) feet; South 35° 14' 40" East One Hundred Fifty-seven and Eighty-five Hundredths

only describes, circumscribes and encompasses the area of Tract 132, using such expressions as "along the Southwesterly line of said lot"; "thence along the lines of the alley, Dewey Street, Twenty-fifth Street and Navy Street"; Westerly along a curve concave to the North"; "along a curve concave to the East"; "along the Southwesterly line of said lot"; etc., indicating that the tract area *only* is intended to be conveyed, and using actual distances and degrees, minutes and seconds for direction, which conform to the tract area.

*Quaere No. 3: Will such descriptions in a grant overcome the presumption of C.C. § 1112 that the fee title is carried to the center of the street or the middle of the road?*

In order to determine the status of the metes and bounds description in the deed to Mrs. Severy of April 22, 1927, conveying Tract 132, describing specifically the tract boundary and not the streets contiguous thereto, and to ascertain if it also passed the fee title to the streets in question to Mrs. Severy (designated by the Government in case 4929 O'C as Tract 132–A) we must first determine whether the provisions of Civil Code, § 1112: *"a transfer of land, bounded by a highway, passes the title of the person whose estate is transferred to the soil of the highway in front to the center thereof, unless a different intent appears from the grant"* ; and Civil Code, § 831, that "An owner of land bounded by a road or street is presumed to own

to the center of the way; *but the contrary may be shown"* (italics supplied) are sufficient to overcome the said specific metes and bounds description aforesaid, or whether the said metes and bounds description will be sufficient to rebut the said code presumptions, bearing in mind that a specific metes and bounds description is one of the methods used in California for overcoming the presumption, *unless a different intent appears from the grant,* which will be referred to later. This will depend upon the California decisions.

*California cases construing a metes and bounds description as overcoming the provisions of C.C. § 1112 and C.C. § 831:*

In Alameda Macadamizing Co. v. Williams, 1886, 70 Cal. 534, at page 540, 12 P. 530, 533, the court said:

"Land described in a deed as bounded by a street will be considered as bounded by the center of the street, unless it clearly appears that it was intended to make the side line of the street as a boundary instead of the center. Moody v. Palmer, 50 Cal. 31.

"In the present case it does clearly appear from the complaint that the side line of the street is the boundary.

"To illustrate: In assessment No. 272 the land assessed is described as follows: 'Commencing at the point of intersection of the westerly line of Second avenue with the northerly line of East Fourteenth street; running thence westerly, along said line of East Fourteenth street, 145 feet; thence, at

---

(157.85) feet; South 57° 25′ 10″ West Three Hundred Eighteen and Seventy-four Hundredths (318.74) feet: *Westerly along a curve concave to the North,* having a radius of Thirty (30) feet a distance of Forty-five and Seventy-three Hundredths (45.73) feet; North 35° 14′ 40″ West One Hundred Seventy seven and Eighty-eight Hundredths (177.88) feet; Northerly *along a curve concave to the East* having a radius of Seventy-five (75) feet a distance of One Hundred Seventeen and Ninety-three Hundredths (117.93) feet and North 54° 51′ East Two Hundred Ninety-six and Eighty-eight Hundredths (296.88) feet to the point of beginning.

"Also that portion of said Rancho La Ballona, described as follows:

"Beginning at the most Southerly corner of Lot Two Hundred Twenty eight (228) of Tract Number Ninety-nine Hun-

dred Three (9903), as per map recorded in Book 138, pages 25 to 28 of Maps, Records of said County; thence North 35° 14′ 40″ West, *along the Southwesterly line* of said Lot Two Hundred Twenty-eight (228), One hundred Thirty-nine and Sixty-one Hundredths (139.61) feet *to the most Westerly corner thereof;* thence South 9° 26′ 42″ West *along the Easterly line of an Alley,* as shown on map of said Tract Number Ninety-nine Hundred Three (9903), Six and Ninety-nine (6.99) Hundredths feet to an angle point therein; thence South 35° 14′ 40″ East, *along the Northeasterly line of said Alley,* One Hundred Thirty-four and Seventeen Hundredths (134.17) feet *to the Northwesterly line of Dewey Street,* as shown on said map; thence North 57° 25′ 10″ East *along said Northwesterly line* Five (5) feet to the point of beginning." (Italics supplied.)

right angles, 140 feet; thence, at right angles, easterly 145 feet, to the said *line of Second avenue*; thence southerly, *along said line of* Second avenue, 140 feet, to the point of commencement.'

"With such a description, we hold the presumption that the lot runs to the center of East Fourteenth street and Second avenue is rebutted. \* \* \* In Severy v. Central Pac. R. Co. 51 Cal. 194, it was held that where a deed described the conveyed premises as running '*thence along the easterly line* of Sacramento Street, one hundred and fifty feet,' and no other language was employed to modify or affect this description, *the eastern line, and not the middle of Sacramento street was the boundary.* Maynard v. Weeks, 41 Vt. 617; Tyler v. Hammond, 11 Pick., Mass., 193; [Van] O' Linda v. Lothrop, 21 Pick., Mass., [292], 295, [32 Am.Dec. 261]". (Italics supplied.)

Also, in the case of Warden v. South Pasadena Realty & Improvement Co., 1918, 178 Cal. 440, at page 442, 174 P. 26, 27, the court, in interpreting a description of a parcel of land reading as follows:

"Beginning at a point on the *east line* of Lot 6, 150 feet north of the southeast corner of said lot; thence west 150 feet *on a line* parallel with the southerly *line* of lots 3, 4, 5 and 6; thence north, parallel *with the easterly line* of lot 6 to a point on the *southerly line* of Foothill street; thence easterly along the *southerly line* of Foothill street to the northeast corner of said lot; thence southerly *along the easterly line* of lot 6 to the place of beginning;" (italics supplied)
said:

"It should be here noted that, under our decisions, this description carries title only to the southerly line of Foothill street as shown on the survey and map of the Oak Lawn addition referred to. *It does not give the grantee title to the center of that street,* as in a case where the boundary line is said to run '*along a street.*' Our decisions are to the effect that such a description as this in the sheriff's deed shows an intent to give title only to the *side line of the street,* the 'different intent' referred to in section 1112 of the Civil Code. Severy v. Central Pacific R. Co., 51 Cal. 194, 197; Alameda Ma-

cadamizing Co., v. Williams, 70 Cal. [534], 540, 12 P. 530. (Italics supplied.)

While such expressions in a deed describing land as bounded "by," "upon" or "along" a street or highway should be construed, if practicable, upon grounds of public policy, as including the land to the center of the street or highway (Fraser v. Ott, 1892, 95 Cal. 661, at page 665, 30 P. 793, citing Moody v. Palmer, 50 Cal. 31), a comparison of the descriptions used in Alameda Macadamizing Co. v. Williams and Warden v. South Pasadena Realty etc. Co., supra, with the metes and bounds description in the aforesaid deed from the Title Guarantee and Trust Company to Grace B. Severy, conclusively demonstrates to this court's satisfaction that, *up to the present point in this case,* the presumptions of C.C. § 1112 and C.C. § 831 that the fee title to the land, designated by the Government as Tract 132, extends to the center of the aforementioned streets in the deed from the Title Guarantee and Trust Company to Mrs. Severy have been successfully rebutted; and, were it not for the fact that it is now necessary to deal with the subject relating to the intent or lack of intent of the *grantor* in using a metes and bounds description, the court at this point would be compelled to rule that Mrs. Severy never did obtain a fee title to the streets or portions thereof by deed or otherwise, designated by the Government as Tract 132A, contiguous to Tract 132, necessitating a judgment against Mrs. Severy. In this event the Government would not obtain the fee title thereto through Mrs. Severy from the condemnation proceedings in case No. 4134 or in this case, but would have obtained title by reason of the fact that the Title Guarantee and Trust Company has quit-claimed all its right, title and interest in said streets or portions thereof, if any; and in reaching its ultimate conclusions this court had these cases in mind.

*Unless a different intent appears from the grant, C.C. sec. 1112.*

While the cases of Alameda Macadamizing Co. v. Williams and Warden v. South Pasadena Realty & Improvement Co., supra, are authorities for the statement that a specific metes and bounds de-

scription, such as was used in the deed from the Title Guarantee and Trust Company to Mrs. Severy, is sufficient to overcome the said code presumptions that the fee title extends to the center of the highway, *these cases are again subject to the rule that the choice of the metes and bounds description, to overcome said presumption that the fee extends to the center of the highway, must be under the sole control of the grantor, and the grantor's intent must be considered.*

In Machado v. Title Guarantee and Trust Company, 1940, 15 Cal.2d 180, at page 183, 99 P.2d 245, 246, which was an action to quiet title to a strip of land which was set apart for a public way, relative to the presumptions which apply under C.C. § 1112 and C.C. § 831, the court states the rule as follows:

"In respectively asserting title to one-half of the abandoned street, each of said two defendants relies on the presumption of law, declared in our code, that 'An owner of land bounded by a road or street is presumed to own to the center of the way; but the contrary may be shown.' Sec. 831, Civ. Code. Section 1112 of the same code states that 'a transfer of land, bounded by a highway, passes the title of the person whose estate is transferred to the soil of the highway in front to the center thereof, unless a different intent appears from the grant.' To the same effect is subdivision 4 of section 2077 of the Code of Civil Procedure. The decisions of this court giving expression and application to this principle are numerous. In Brown v. Bachelder, 214 Cal. 753, 755, 7 P.2d 1027, 1028, it is stated, 'That the presumption is highly favored in the law is made clear by the discussion of this court in Anderson v. Citizens' Savings & Trust Co., 185 Cal. 386, 197 P. 113.' * * *

"The plaintiff and appellants next refer us to the line of cases holding generally that while the presumption declared by the codes will in all proper cases be given effect, it is one which in many ways may be rebutted, and one of the specific ways in which it may be rebutted is by a description by metes and bounds. * * * Without in any way detracting from the cases relied on by the appellants, we are of the view that the principle therein enunciated more properly has application to those situations *where the description by metes and bounds is the result of the free exercise of choice by the grantor, and therefore evidences his intention to transfer only such of his property as is embraced within the metes and bounds description, and should not be applied to a case, such as this, wherein the method of description did not lie in the sole discretion of the referees or the court in the partition proceeding.* * * *

"In the construction of boundaries, the intention of the parties is the controlling consideration. Miller v. Grunsky, 141 Cal. 441, 66 P. 858, 75 P. 48; 4 Cal.Jur. 373, sec. 2. Whenever possible, a court should place itself in the position of the parties and ascertain their intent, as in the case of any contract. As stated in Miller & Lux, Inc., v. Secara, 193 Cal. 755, 227 P. 171, 173, 'Intention, whether express or shown by surrounding circumstances, is all controlling * * *.'

*"The declaration in the code that an owner of land bounded by a road or street is presumed to own to the center thereof is based on the supposed intention of the parties, and the improbability of the grantor desiring or intending to reserve his interest in the street when he had parted with his title to adjoining land.* This reasoning finds expression in Brown v. Bachelder, 214 Cal. 753, 755, 756, 7 P.2d 1027." (Italics supplied.)

Tract No. 132 and Tract No. 132A in the case before the Court, being a part of the Rancho La Ballona, supra, seem beyond question to be a part of the same Rancho La Ballona discussed in Machado v. Title Guarantee and Trust Company, supra, and the court held in that case that, notwithstanding the fact that a metes and bounds description may overcome the code presumption that a *grantee* takes to the center of the highway, nevertheless, where the metes and bounds description has not been the sole choice of the *grantor*, and no reason appeared why the grantor should intend to retain the fee title to the center of the highway, the *grantee* will take the fee title to the center of the highway under the presumption of C.C. § 1112.

The cases of Alameda Macadamizing Co. v. Williams and Warden v. South Pasadena Realty & Improvement Co., supra, are authorities for the rule in California that a metes and bounds description, describing only the tract area (for instance), is one of the methods of indicating a different intent from the *grant* (and it is to be noted that the intent, under C.C. § 1112, does not have to appear *in* the grant but may appear *from* the *grant* to overcome the presumption that the fee title is conveyed to the center of the highway), in other words, a specific intent on the part of the grantor, by a metes and bounds description, *may* overcome the presumption of the code; but the case of Machado v. Title Guarantee and Trust Company, supra, is also authority for the principle of law in California that, in order for the specific metes and bounds description to be effective to rebut the said presumption of the code, the specific metes and bounds description must be the result of the free exercise of choice of the *grantor*, and, if not, that the said presumption may, nevertheless, apply, and that the intention of the *grantor* must be taken into consideration in any event.

In this case the court feels that in the deed to Mrs. Severy from the Title Guarantee and Trust Company, dated April 22, 1927, the presumption of code section 1112 that a party takes the "soil of the highway in front to the center thereof, unless a different intent appears from the *grant* (C. C. § 1112), applies, for the reason that the metes and bounds description therein is effectually counteracted by reason of the fact that for over a period of years since the date of the grant on April 22, 1927, to the present time, the Title Guarantee and Trust Company never claimed any right, title or interest in the streets in question (Tract No. 132–A); and, on August 26, 1947, filed a disclaimer in case No. 4929 O'C. Civil, disclaiming any interest of any nature whatsoever in and to the real estate involved in this action; and for the further reason that the Title Guarantee and Trust Company was not solely responsible for the metes and bounds description which it used

in said deed, having used the same metes and bounds description for the transfer of the fee title of Tract No. 132 to Mrs. Severy that was used when said Tract No. 132 was recorded in the subdivision of Tract 9906, supra.

If Mrs. Grace B. Severy had not obtained the fee title to the streets or portions thereof, described as Tract No. 132—A bordering on and contiguous to Tract 132, by her deed from the Title Guarantee and Trust Company, dated April 22, 1927, then: (1) She would not have had title to Tract 132–A when the Government condemned Tract No. 132 in case No. 4134 O'C. Civil; (2) Mrs. Severy could not obtain a judgment in the instant case; and (3) the Government, while it did not, could not have obtained any title to Tract 132–A from her when it condemned Tract 132 in that case, nor obtain any title to Tract 132–A (the streets in question) in the instant case through Mrs. Severy.

Even though counsel for both sides may not entirely agree with the ratio decidendi of the court in arriving at its conclusions thus far reached, they nevertheless are in agreement with the court that Mrs. Severy at least had the fee title to the streets or portions thereof, bordering on and contiguous to Tract 132, by her deed from the Title Guarantee and Trust Company of April 22, 1927, when the Government filed its condemnation proceedings on December 29, 1944, and its Declaration of Taking on April 4, 1945, in case No. 4134 O'C Civil; and of course, counsel for Mrs. Severy also are in agreement with the court that she still had the title to the streets in question when the Government filed its condemnation proceedings and its Declaration of Taking on November 23, 1945, in this case.

The City of Santa Monica never did have the fee title to Tract 132–A (the streets in question), in the court's opinion, and the City of Santa Monica, having relinquished its easement in said Tract 132A for street purposes in September of 1945, that land is now freed of this easement.[5]

---

5 Note: On September 30, 1947, the City of Santa Monica, in case No. 4929

O'C Civil, for $1, released the Government from whatever claim it (the City

*Subdivision 3:*

The court concludes that when the Government filed its Declaration of Taking in case No. 4134 O'C Civil, on April 4, 1945, to condemn, inter alia, Tract 132, consisting of 2.377 acres, more or less, that the fee title to the streets designated by the Government as Tract 132–A in the instant case, and consisting of 0.934 acres, more or less, was in Mrs. Grace B. Severy.

*Subdivision 4:*

*Quaere No. 4: Did the Government obtain a fee title to the streets in question by its Declaration of Taking of Tract No. 132 in case No. 4134 O'C Civil, filed on April 4, 1945, by the rebuttable presumption of C.C. § 1112 and C.C. § 831 that a grantee takes to the center of the highway?*

Subject to being repetitious, but for the sake of emphasis, the Government in its Declaration of Taking, filed on April 4, 1945, in case 4134, used the identical metes and bounds description in the condemnation of Tract 132 as was used in the grant deed to Mrs. Severy of April 22, 1927 (Note 4); and contends that it is entitled to the same presumption under C.C. §§ 1112 and 831 that she was entitled to and obtained— namely, that by its condemnation proceeding of Tract 132 in case 4134, it obtained the fee title to the center of Navy Street, Twenty-fifth Street and to all of Dewey Street bordering on and contiguous to Tract 132, but with this contention the court cannot agree.

██ Assuming that the Government had acquired the fee title to Tract 132 in case No. 4134 O'C Civil (not as a sovereign condemning property under its power of Eminent Domain) but in the capacity of an ordinary *grantee*, by a grant, and from a *willing* grantor, Mrs. Grace B. Severy, and that the Government had been solely responsible for using the same metes and bounds description which it actually used in its Declaration of Taking of Tract No.

132, filed on April 4, 1945, in case No. 4134 O'C (being identical with the metes and bounds description that was used in the deed from the Title Guarantee and Trust Company to convey the fee title to this tract to Mrs. Grace B. Severy, dated April 22, 1927), this court would be compelled to say, on the authority of Alameda Macadamizing Co. v. Williams and Warden v. South Pasadena Realty & Improvement Co., supra, that this specific metes and bounds description overcame the presumptions of C.C. §§ 1112 and 831 that the fee title was carried to the streets or portions thereof, bordering on and contiguous to Tract 132, and there would be no principle of law, which has been brought to the court's attention, applicable under the doctrine of the Machado case, supra, to indicate why the specific metes and bounds description conveying Tract No. 132 only should be disregarded, the Government having selected its own metes and bounds description, and Grace B. Severy having manifested no intent, actual or constructive, to convey the fee to the streets or portions thereof in question; and, a fortiori, the Government, as a sovereign acting under its power of eminent domain, is in a much weaker position (in fact no position at all) to rely upon said code presumptions in this case.

*Presumptions of C.C. §§ 1112 and 831 not available to the Government in a condemnation proceeding under the power of eminent domain.*

██ Under its sovereign power of eminent domain, antedating the Constitution,[6] the Government in a condemnation proceeding, has the power to condemn whatever property it desires for a public use, but compliance with the statutes pertaining thereto is necessary, and it would seem to the court that a citizen is within the law, and only exercising his constitutional prerogatives, in demanding that the Government at least be specific in designat-

---

of Santa Monica) might have arising out of the Government's taking of said Tract No. 132–A.

  6 Eminent domain is an inherent and necessary attribute of sovereignty, existing independently of constitutional provisions and superior to all property rights.

The exercise of the right is in effect a compulsory sale of the owner's interest in the property, the individual's rights yielding to consideration of the common welfare.  29 C.J.S., Eminent Domain, § 2, p. 777.

ing the property it desires to condemn and should not be permitted to indulge in statutory presumptions which would not be necessary in this case if the Government had been careful in the first place to describe the streets in its original Declaration of Taking.

■ A condemnation proceeding is not a conveyance inter partes [7] where the grantor has under his control the instrumentality, i. e., the kind of instrument to be used and the description to be used, in the conveyance (a metes and bounds description for instance) and where there is a voluntary intent present on the part of the grantor to convey, but it is a taking in invitum; and in this case the Government deliberately and intentionally selected the metes and bounds description describing exclusively the area of Tract No. 132, understanding full well that under California law a metes and bounds description, describing only the area to be taken, is one of the means adopted for overcoming the presumption of C.C. §§ 1112 and 831 that the fee is carried to the middle of the highway (Machado v. Title Guarantee and Trust Company, 1940, 15 Cal.2d 180, 99 P.2d 245), supra. Furthermore, condemnation proceedings being purely statutory, the statutes must be strictly complied with [8] and the Government, by presumptions will not be permitted to take more property than it actually condemns. Assuming the Government had desired to condemn only Tract 132, and had used the identical metes and bounds description which it did, could Mrs. Severy successfully contend that by the aforesaid code presumption the Government also acquired title to the middle of the highway contiguous to and bordering on Tract 132 and, therefore, should be compelled to pay for the same? The court thinks not.

■ It is clear to the court that the provisions of Civil Code, §§ 1112 and 831, can only apply in the case of a *grant* of said property where there is a voluntary *grantor* subject to this presumption being rebutted by a metes and bounds description, describing specifically the tract or lot boundary, which again may be subject to the intent of the grantor; but this presumption allowed by the codes, supra, is not available to the Government for the reason that the taking was not by way of a grant and there was no intent present on the part of Mrs. Severy to grant to the Government any of her property, and it seems obvious to the court that, *in the absence of applicability of C.C. § 1112 and C.C. § 831, the specific metes and bounds description, as a matter of pure reasoning, must be given literal effect.*

■ The court is of the opinion, in re subdivision 4 herein, that the Government can take only the property that is actually condemned and described in its Declaration of Taking with reasonable certainty, and that the presumptions of the California codes, supra, which apply only in a conveyance resulting from a grant and where there is voluntary intent on the part of the grantor to convey, are not for the benefit of the Government in a condemnation proceeding under the power of eminent do-

---

[7] Condemnation proceedings are purely statutory brought against the owner of property without his consent, and the statutes must be strictly complied with. The petition in condemnation proceedings must describe the property sought to be taken, defining the location and quantity required with such certainty that it may be identified, and the extent of the petitioner's claim made known to the owner, and a failure of the petition, complaint, or application to thus describe the property, or any uncertainty in this respect, will vitiate the proceedings, unless an amendment of the description is allowed. By some authorities it is held that the land should be described with as much certainty as would be necessary in a conveyance, while others hold that a description from which a surveyor or skilled person may locate the tract is sufficient. Where the statute only requires a general description, or where the particular location is to be determined, not by the petitioner, but by the court, or by the commissioners appointed by the court, only a general description need be given. 20 C.J. 955–956; 29 C.J.S., Eminent Domain, § 259.

[8] The proceeding to condemn land for a public use is special and statutory, and the prescribed method in such cases must be strictly pursued. Harrington v. Superior Court, 1924, 194 Cal. 186, 228 P. 15.

762

main; any other ruling would be detrimental to the property owner and encourage indifference or carelessness on the part of the condemnor in its condemnation proceedings in its metes and bounds descriptions, or otherwise. Mrs. Severy had nothing to do with the metes and bounds description prepared by counsel for the Government who specialize in this type of procedure. The court knows no law or reason, and none is presented in this case, why the Government should not be required to describe the property condemned with at least reasonable certainty, free from ambiguity and without relying upon presumptions of law under the codes of California, which presumptions are not available to the Government in this type of case.[9]

It would be establishing a dangerous precedent to permit the Government in a condemnation proceeding, which is purely statutory and strictly construed, to condemn one's property without clearly and unmistakably describing all of that portion sought to be condemned, and particularly in this case where all the Government had to do was to literally describe the streets, Tract 132A, with reasonable certainty. It follows necessarily that the ruling of this court is that the Government did not obtain the fee title to the said streets, Tract 132A, by condemnation proceedings, Case 4134, and that the fee title thereto remained in Mrs. Severy up until the time of the filing of the Declaration of Taking on November 23, 1945, in case No. 4929 O'C against Tract 132A.

*Description of property paid for in final decree or judgment must be the same as the decree in the declaration of taking.*

■ As a result of the Declaration of Taking filed by the Government in case No. 4134 O'C. Civil, on April 4, 1945, in the original condemnation proceedings filed on December 29, 1944, whereby the Government acquired, inter alia, the land of Mrs. Severy designated as Tract No. 132 covering 2.377 acres, more or less, a stipulated judgment in condemnation in favor of, and signed by, Mrs. Severy for $22,000.00 less taxes in said case No. 4134 O'C. Civil, contained, in addition to the legal description, the following: "also that portion of Dewey Street as shown on said map which adjoins said property on the Southeast; also that portion of the Northeast half of 25th Street which adjoins said property on the Southwest; also that portion of the Southeast half of Navy Street which adjoins said property on the Northwest."

Sometime between the time of the filing of the original Declaration of Taking on April 4, 1945, in case No. 4134, for the condemnation of Tract 132, and the time that Mrs. Severy was called upon to sign the stipulation for judgment in her favor for $22,000 for the taking of said Tract 132, the Government became conscious of the fact that the legal description of Tract 132, as set out in its Declaration of Taking filed on April 4, 1945, in said action 4134, (identical metes and bounds description used in the deed from the Title Company to Mrs. Severy) either did not as a matter of fact, or of law, carry the legal fee to the center of the streets or portions thereof, bordering on and contiguous to Tract 132, and therefore incorporated the provisions quoted above in its said final decree in favor of Mrs. Severy for $22,000 less taxes, and which was signed by Mrs. Severy without giving the matter a great deal of thought.

■ Condemnation proceedings being statutory, that part of the final judgment or decree above quoted, even though consented to by Mrs. Severy, is invalid insofar as it exceeded the metes and bounds description in the Declaration of Taking.[10]

---

9 The petition in condemnation proceedings must describe the property sought to be taken, defining the location and quantity required with such certainty that it may be identified, and the extent of the petitioner's claim made known to the owner, citing quite a number of California cases. See 20 C.J. page 953, Sec. 304; 29 C.J.S., Eminent Domain, § 259.

10 The property or interests sought to be condemned should be described in the judgment with reasonable certainty, or, as has been held, with sufficient certainty to enable a surveyor to find the place designated; and it should follow the description in the petition (case cited) 29 C.J.S., Eminent Domain, § 322, p. 1360. One of the jurisdictional essentials of a proceeding in condemnation

*Damages:*

In a condemnation proceeding instituted by the Federal Government the value of the property condemned depends upon its highest and best use for which it is suitable at the time of the Declaration of Taking, i. e. when title passes.[11] In case 4134, the date of the Declaration of Taking was April 4, 1945, at which time the Government condemned Tract 132, consisting of 2.377 acres of land, more or less, belonging to Mrs. Severy and, in the instant case, if the Declaration of Taking of Tract 132–A, wherein the Government took 0.934 acres, more or less, had been filed simultaneously, it would have been very easy for the court, in view of the fact that the Government and Mrs. Severy stipulated for judgment covering her 2.377 acres for $22,000 to say that she should be paid in the same ratio for her 0.934 acres or exactly $8644.50, but she is entitled to its value based upon its highest and best use as of November 23, 1945, date of the Declaration of Taking in this case.[12] Counsel for Mrs. Severy are asking for judgment for $5,000. Judgment will be awarded to Mrs. Severy against the United States Government in the sum of $5,000 for the taking of Tract 132–A.

Counsel for Mrs. Severy will prepare Findings of Fact and Conclusions of Law and a judgment in accordance with this opinion, approved as to form by counsel for the Government for signature of the court within 10 days.

---

of the judicial type is that the property sought to be taken shall be described in the petition or complaint. Code Civ. Proc.Cal. § 1244; United States for Use of Reconstruction Finance Corp. v. Certain Parcels of Land in City and County of Los Angeles, Cal., D. C., 62 F.Supp. 1017, 1022. The description as contained in the judgment of condemnation must follow that of the complaint or award. This is the universal rule. Sacramento Municipal Utility District v. Pacific Gas & Electric Co., 72 Cal.App.2d 638, at page 650, 165 P.2d 741, 748. Where there is a variance, judgment held void. Wilson v. Newton County, Tex.Civ.App., 269 S.W. 227. See also 29 C.J.S., Eminent Domain, § 322, p. 1360, Note 39; and 20 C.J. page 1062, note 96.

[11] Legal title passes to the government when declaration of taking is filed, not when the government takes possession. 40 U.S.C.A. § 258a; United States v. 412.715 Acres of Land in Contra Costa County, D.C.Cal., 60 F.Supp. 576.

[12] In determining market value of condemned land, value is to be ascertained as of the date of taking. United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55, reversing Miller v. United States, 9 Cir., 125 F.2d 75, rehearing denied 318 U.S. 798, 63 S.Ct. 557, 87 L.Ed. 1162.